SACHS QUALITY FURNITURE, INC., Appellant, *v.* GORDON HENSLEY, as President of Retail Furniture & House Furnishings Employees Union, Local 1115-E, R.C.I.P.A., A. F. of L., an Unincorporated Association, Respondent.

First Department, June 1, 1945.

*William A. Michaels* of counsel (*Michaels & Michaels*, attorneys), for appellant.

*Simon J. Liebowitz* of counsel (*Hermann Perlmutter* with him on the brief; *Liebowitz & Schuman*, attorneys), for respondent.

UNTERMYER, J.   The plaintiff owns and operates several stores in the city of New York for the sale at retail of household furniture, home furnishings and wearing apparel.   In the operation of these stores it employs 480 employees, of whom, approximately, 72 are salesmen serving in various departments.

In 1937 a controversy arose between two rival unions, Sachs Employees Association and the defendant, a local of the American Federation of Labor, each claiming to represent the employees.   On petitions filed with the New York State Labor Relations Board extensive hearings were held, resulting in a finding by the Board that Sachs Employees Association was a bona fide labor organization and was not a company-dominated union.   The Board also found that all the employees of the company, including the sales force, constituted the appropriate unit for the purpose of collective bargaining.   The Board directed that an election be held by secret ballot to determine which of these two organizations was entitled to be certified as the exclusive bargaining representative of the employees.   Sachs Employees Association having received a majority of the votes cast at that election was thus certified.   The plaintiff then entered into a contract with Sachs Employees Association covering wages, hours and working conditions of all its employees and containing also a closed shop provision requiring that all employees be members in good standing in the Association.

A majority of the plaintiff's employees apparently were satisfied with the conduct of Sachs Employees Association as their representative, for an election held in 1940 confirmed the result of the election previously held.   Some members of the sales force, however, maintained their allegiance to the defendant union, which on two occasions filed petitions with the Labor Relations Board contending that it constituted an appropriate bargaining unit independent of the other employees.   That contention was considered in 1941 and again in 1945, on each occasion resulting in a determination by the Labor Board that

" a unit of sales people employed by Sachs Quality Furniture, Inc. is inappropriate for the purposes of collective bargaining ". Thereafter about forty members of the sales force struck and proceeded to picket the plaintiff's premises. The pickets carried signs reading as follows:

" We do not want a company union. We have selected the A. F. of L. as our bargaining agent. Sachs refuses to recognize our choice.

R.C.I.P.A. Local 1115-E<br>A. F. of L."

" Employees of Sachs Quality Furniture, Inc. are on strike."

" One of our members was discharged for union activities."

" We are not striking for more money or shorter hours. We just want proper representation under the A. F. of L."

The plaintiff instituted this action to enjoin the picketing of its premises on the theory that the right to picket to secure recognition for the defendant union did not survive the determination of the Labor Board and the certification of Sachs Employees Association as the exclusive bargaining agent of all the employees. The plaintiff also seeks to enjoin the. use of the signs which it asserts to be misleading and false. On the plaintiff's motion for a temporary injunction the Special Term concluded that the picketing was peaceful and denied all relief.

We agree with the Special Term to the extent that it refused to restrain all picketing by the defendant. Notwithstanding the determination of the Labor Relations Board that Sachs Employees Association is a bona fide labor organization within the meaning of subdivision 5 of section 701 of the New York State Labor Relations Act (Labor Law, art. 20), the defendant, a rival union, may, in the exercise of the right of free speech, by peaceful and truthful methods of picketing, attempt to win to itself the allegiance of members of the Association who are employees of the plaintiff. (*Bakery Drivers Local* v. *Wohl,* 315 U. S. 769; *Thornhill* v. *Alabama,* 310 U. S. 88; *Carlson* v. *California,* 310 U. S. 106; *Senn* v. *Tile Layers Union,* 301 U. S. 468; *A. F. of L.* v. *Swing,* 312 U. S. 321.)

The constitutional right of free speech, however, does not include the right to falsify the facts by means of the signs carried by pickets, which tended to create the impression that the plaintiff in violation of law (New York State Labor Relations Act, § 704, subd. 3) maintained a " company union " whose members it employed. At least for the purpose of this motion for a temporary injunction, the determination of the

Labor Relations Board, that Sachs Employees Association is not a company union and that it is the exclusive bargaining agent for the employees, must be accepted as correct. The statement on the signs carried by the defendant's pickets which implies that the Association is a " company union " although found by the Labor Board not to be company-dominated; the statement that the plaintiff " refuses " to recognize the defendant union although by the determination of the Labor Board it is prohibited from doing otherwise (New York State Labor Relations Act, § 705); and the statement, made without qualification, that " Employees of Sachs Quality Furniture, Inc. are on strike ", although less than 10% of such employees are striking, especially when considered in combination with each other, convey a wholly false impression which is detrimental to the plaintiff. (*Dinny & Robbins, Inc.*, v. *Davis*, 290 N. Y. 101, 104, 105.) We do not mean to hold that the defendant must on its signs set forth all the facts relating to the proceedings before the Labor Board. We only hold that it must abstain from statements which must necessarily result in deception of the public.

We do not consider, however, that these distortions of the truth have attained such dimensions as to require that all picketing be enjoined. (*Cafeteria Union* v. *Angelos*, 320 U. S. 293.) We think full justice may be accomplished by a temporary injunction restraining *pendente lite* the use of signs which misrepresent the facts and misrepresent, in particular, the situation resulting from the determination of the Labor Relations Board in which Sachs Employees Association was certified as the exclusive bargaining agent for the plaintiff's employees. We infringe no right of either party by enjoining statements which are false and refusing to enjoin such peaceful and truthful picketing as may ensue.

On account of the determination of the Labor Board, no " labor dispute " existed between the parties within the meaning of section 876-a of the Civil Practice Act, which would prevent the granting of an injunction *pendente lite* without establishing compliance with the conditions therein set forth. (*Florsheim Shoe Store Co.* v. *Shoe Salesmen's Union*, 288 N. Y. 188.)

The order appealed from should be modified accordingly and as so modified affirmed, without costs.

MARTIN, P. J., GLENNON, COHN and CALLAHAN, JJ., concur.

Order unanimously modified in accordance with opinion and as so modified affirmed, without costs. Settle order on notice.