GULF OIL CORPORATION, Respondent, *v.* ROBERT L. SMALLMAN, as President of the International Brotherhood of Teamsters, Local 806, A. F. of L., Appellant, et al., Defendants.

Second Department, November 26, 1945.

130

*David I. Ashe* for appellant.

*Samuel H. Borenkind* and *C. S. T. Folsom* for respondent.

*Per Curiam.*  Appeal by defendant The International Brotherhood of Teamsters, Local 806, etc., from so much of an order as grants plaintiff's motion for an injunction *pendente lite* and denies in part said defendant's cross motion to dismiss the complaint on the ground that it does not state facts sufficient to constitute a cause of action.

The action is for a decree adjudging that appellant is engaged in an illegal *secondary* boycott of plaintiff's business and for a permanent injunction and other relief.

Plaintiff is engaged in manufacturing, refining and distributing petroleum products.  Prior to and at the time this action was instituted plaintiff had an agreement to sell and deliver its products to A. I. Savin Construction Company, which was then engaged in certain work at the Idlewild Airport, Queens County, where it was receiving plaintiff's products.  Appellant is a voluntary association affiliated with the American Federation of Labor.  In May, 1942, Petroleum Trades Employees Union, Inc., an independent and unaffiliated labor organization, filed a petition with the New York State Labor Relations Board alleging that a controversy existed concerning the representation of certain employees of plaintiff in the State of New York.  In that proceeding the appellant intervened, following which an election, in which appellant participated, was held under the supervision of the Labor Board.  At that election a majority of the persons voting designated the Petroleum Trades Employees Union, Inc., as collective bargaining agent for plaintiff's employees, and in November, 1942, the Labor Board certified the latter union as the employees' " exclusive representative  *  *  *  for the purposes of collective bargaining ", etc.  Included in that certificate of representation were the salesmen employed by plaintiff to make deliveries to the Savin Company at the airport in accordance with the agreement heretofore referred to.  Pursuant to such certificate plaintiff entered into a collective bargaining agreement with the certified union, which agreement, from time to time, was renewed and by its terms was not to expire until July 7, 1945, and that agreement was in existence at the time of the acts which form the basis of the complaint herein.

In May, 1945, appellant advised the Savin Company not to accept deliveries from plaintiff unless the latter's vehicles were manned by members of appellant and that if plaintiff and Savin failed to comply, Savin was to cancel its contract and purchase its petroleum requirements elsewhere, otherwise a picket line would be created at the airport and Savin's employees called out on strike.  Upon the failure of plaintiff and Savin to yield to

appellant's demands, appellant, in June, 1945, created a picket line, which Savin's employees refused to cross, resulting in the interruption of work; and it is alleged that appellant's acts have resulted in injury and damage to plaintiff's business, and that appellant has threatened to and, unless enjoined, will continue such acts.

Plaintiff then moved for an injunction *pendente lite* and defendants made a cross motion to dismiss the complaint. Defendants' cross motion was denied in part, and plaintiff's motion was granted and an order entered enjoining defendants " from picketing and from carrying any signs stating that ' gasoline used at Idlewild Airport is unfair to organized labor ', or words to that effect, when the plaintiff's petroleum products are being delivered to its customer, A. I. Savin Co., at the Idlewild Airport by any deliverymen employed by it, who are covered by the subsisting collective bargaining agreement between the plaintiff and the union certified by the New York State Labor Relations Board; * * *."

Upon the argument it was stated, and not denied, that the contract between plaintiff and the union certified has been renewed and is now in full force and effect, and it is not claimed that the union certified does not presently represent a majority of plaintiff's employees; in fact, it clearly appears that it does.

As no labor dispute exists within the intent and meaning of section 876-a of the Civil Practice Act, the complaint is sufficient even though it is not alleged that plaintiff has complied with the provisions of that statute, and the Special Term was justified in granting the limited protective injunction. (*Florsheim Shoe Store Co.* v. *Shoe Salesmen's Union*, 288 N. Y. 188, 200; *Sachs Quality Furniture* v. *Hensley*, 269 App. Div. 264.) But if such labor dispute did exist at the time appellant committed the acts which form the basis of the complaint herein, none existed on July 30, 1945, the date when the order appealed from was entered, because a new collective bargaining agreement was made between plaintiff and the Petroleum Trades Employees Union, Inc.

The order insofar as appealed from should be affirmed, with $10 costs and disbursements.

HAGARTY, Acting P. J., CARSWELL, JOHNSTON, ADEL and LEWIS, JJ., concur.

Order insofar as appealed from affirmed, with $10 costs and disbursements. Settle order on notice.