DALZELL TOWING COMPANY, INC., et al., Appellants, *v.* UNITED MARINE DIVISION, I. L. A., LOCAL 333, et al., Respondents.

First Department, December 18, 1951.

*Herbert M. Lord* of counsel (*Burlingham, Veeder, Clark & Hupper,* attorneys), for appellants.

*Bernard H. Fitzpatrick* of counsel (*Brenner, Butler* and *McVeigh,* attorneys), for respondents.

Dore, J.   Plaintiffs, employers under a collective bargaining agreement with members of defendant union, appeal from an order of Special Term denying their motion for a temporary injunction against defendants.

Plaintiffs jointly operate a fleet of tugs engaged in the docking and undocking of ocean-going vessels and in other towing

work. Defendant labor union represents plaintiffs' employees and has with both plaintiff companies a collective bargaining agreement, existing during all the time herein in question.

Some of the tugs operated by plaintiffs were single crew or eight-hour tugs; some of them were three crew or twenty-four-hour tugs; and such several different types of tug have been operated by the employers for a substantial period. Ocean vessels are docked and undocked around the clock. Because of substantial increase in ocean vessel traffic and to avoid the irreparable damage caused by being compelled to employ competitors in the docking and undocking of such vessels, the employers found it imperative as a business necessity to operate one of their tugs, called *Dalzelloch*, as an additional three-crew or twenty-four-hour tug. Acting on behalf of the union, defendants' union officials refused to permit union members to work on the tug as a twenty-four-hour tug. The moving papers set forth in specific detail in the specified periods the loss of business to the employers' competitors; the answering affidavits fail to deny and thereby admit such losses and that they are as claimed irreparable. To prevent continuing and irreparable loss, the employers seek equity relief as they have no adequate remedy at law.

In this case there is no dispute whatever as to the terms and conditions of employment with respect to (a) single-crew or eight-hour tugs; and (b) three-crew or twenty-four-hour tugs; these terms are all set forth and agreed upon by the parties with particularity of detail in the collective bargaining agreement between the employers and the union. No deviation from any of such agreed terms or conditions is proposed or effected by the use of the tug as a twenty-four-hour vessel; on the contrary such terms are completely complied with. The collective bargaining agreement also expressly binds the union on behalf of itself and the employees that there shall be no stoppage or cessation of work by the union or the employees; and both union and employees expressly agreed " not to stop, hinder or restrain, nor to instigate  *  *  *  any other person to stop, hinder or restrain the Employers' vessels in any manner from carrying on the Employers' business."

While the union does not challenge the fact that there is no dispute as to the terms and conditions of employment as such on twenty-four-hour tugs, it contends that if it accedes to the employers' request, employment conditions of " the present crew " of the *Dalzelloch* would be changed in various aspects,

such as the opportunity of that particular crew to get overtime pay etc., etc. Accordingly, the union claims a labor dispute is involved and as section 876-a of the Civil Practice Act has not been complied with, it contends the injunction was properly denied.

On the facts herein disclosed, we think " a labor dispute " is not involved and that section 876-a has no application. As above indicated, there is no dispute as to any of the terms or conditions of employment on either type of tug all of which are specified and all of which are being complied with by the employers. There is nothing in the agreement giving any particular crew a vested right to any particular vessel. Nor is there anything in the agreement limiting the number of tugs that may be operated either as eight-hour or twenty-four-hour tugs. To man the tug as a twenty-four-hour tug, the employers are ready to employ on the tug in question eight additional fully qualified members of the union; and but for the veto of union officials such union members are ready, able and willing to supplement the present crew of the *Dalzelloch* with eight additional union members and operate the tug on a twenty-four-hour basis. The agreement expressly prohibits the union and its officers from stopping, hindering or restraining the employers' vessels " in any manner from carrying on the Employers' business ". This, the union officials are now illegally doing.

The union's present objective to prevent employment of additional union crew members and keep the tug and its crew in its present status as an eight-hour tug, despite the irreparable injury to the employers, is an effort to accomplish an unlawful objective in breach of the contract, in unlawful interference with plaintiffs' lawful management of its business in compliance with the contract; and the action of the union officers has no reasonable connection with either hours, health, safety, right of collective bargaining or any other condition of employment of union members as such under the contract. In such state of facts, there is no immunity to a union for the injury concededly inflicted by the refusal herein and the relief asked for by the employers should be granted (*Opera on Tour* v. *Weber*, 285 N. Y. 348, 355).

This union's position in this case is analogous to the position the same union took in a prior case in which the issue related to a new vessel acquired by the employer therein. The court properly held that the parties were contracting with respect

to vessels later to be acquired as well as those already owned (*Carroll Towing Co.* v. *United Marine Division,* 91 N. Y. S. 2d 431), and this court affirmed the order of Special Term granting the employer an injunction against this union (*Carroll Towing Co.* v. *Bradley,* 275 App. Div. 1022, motion for reargument denied 275 App. Div. 1040).

In the absence of a labor dispute, compliance with section 876-a is not required (*Gulf Oil Corp.* v. *Smallman,* 270 App. Div. 129; *Florsheim Shoe Store Co.* v. *Shoe Salesmen's Union,* 288 N. Y. 188, 200; *Goodwins, Inc.,* v. *Hagedorn,* 278 App. Div. 936, revd. 303 N. Y. 300, motion for reargument denied by the Court of Appeals with a memorandum showing that the majority of that court held that section 876-a of the Civil Practice Act did not bar injunctive relief in the action, 303 N. Y. 673).

The employers having no adequate remedy at law are entitled to equity relief; the parties should proceed to trial without delay; the order appealed from should be reversed, with $20 costs and disbursements to plaintiffs-appellants, and the motion for the relief prayed for by plaintiffs should be granted. Settle order on notice containing appropriate provisions for security as required by section 893 of the Civil Practice Act.

GLENNON, J. P., COHN and CALLAHAN, JJ., concur; SHIENTAG, J., dissents and votes to affirm on the ground that a labor dispute is involved.

Order reversed, with $20 costs and disbursements to appellants.

Oral motion to dismiss appeal, renewed on reargument thereof, denied. Settle order on notice.