Aron Steuer, J.
A union contract between the parties has expired. That contract was not negotiated by plaintiffs but by several groups of employers. One clause of this contract applied to plaintiffs and to no other employers. Plaintiff’s business is selling free milk from trucks. It maintains several depots at settlement houses and at nurseries. This milk is sold at 2 or 3 cents a quart below prevailing prices and is in effect a' charitable enterprise. The former contract as offered to plaintiff by defendant union contained a clause, 62-A, which made it a violation to sell or distribute milk from wholesale trucks. An exception was made for settlement houses. Settlement houses were limited to those mentioned in a schedule and it was further provided that if the location ceased to qualify as a settlement house the location should be stricken. Plaintiff objected to this clause as a restriction which the other dealers and the unions had no right to make as it could effectually put plaintiff out of business. It was agreed that the matter be submitted to arbitration before an arbitrator of national distinction. John T. Dunlop was selected as arbitrator and in due course rendered his decision. Professor Dunlop refused to decide the issue raised by plaintiff considering it more appropriate for legal action. He changed the clause to include nurseries and other charitable institutions and to cover changes in locations of existing institutions. The new contract now being offered to plaintiff by defendant union contains a clause in the wording of the Dunlop award. Plaintiff has objected and refused defendant’s offer to arbitrate the question. The union has replied that it will take whatever steps it deems advisable.
The action is to declare that clause 62-A is void as against article 22 of the General Business Law, to restrain the defendant from engaging in a conspiracy with other milk sellers to *592 hamper the sale of milk by plaintiff and particularly to restrain defendant from doing any act to compel plaintiff to enter any agreement containing such a clause.
This motion is for a temporary injunction to restrain defendant from any act compelling plaintiff to enter into the agreement pending trial.
The main issue is whether this is a labor dispute. That in turn depends on whether the inclusion of the clause is in furtherance of a legitimate labor purpose or whether it is the consequence of agreement between the other milk dealers and the unions who represent their employees to hamper and restrain plaintiff in order to do away with the competition plaintiff’s activities afford. Merely stating this question shows that it is one of great extent which does not lend itself to resolution upon affidavits.
In practice the proposed clause protects plaintiff in the activities it has been pursuing except in one possible particular. If they would wish to open a new depot, not involving a change of location from an old one they could not do so. Of course this is no answer to the plaintiff’s contention. If the clause constitutes an illegal threat to their business they should not be forced to enter into it regardless of the fact that it does them no immediate harm. The refusal of the first arbitrator to deal with the question on its legal basis leads to the belief that the solution does not lie in arbitration.
The parties are in agreement as to the balance of the contract. The union points out, and there is force in the contention, that as yet it has done nothing and threatened nothing in the way of a strike or picketing of plaintiff. So that plaintiff is being-put to no immediate inconvenience. It may well be that no such action will be taken until the question raised by the complaint has been tried.
Under the circumstances the application for temporary relief is denied at this time. Plaintiff may renew the application if the situation changes adversely. Upon such application immediate hearings could be arranged.