Sidney H. Fine, J.
The defendant, Local 210 of the International Brotherhood of Teamsters, moves for dismissal for insufficiency of the amended complaint. By separate motion the individual defendants, Gold and Berger, likewise move for dismissal.
Local 8 of the plaintiff International was affiliated with it until December 3, 1958, when it disaffiliated and reaffiliated and merged with the defendant local. At that time Local 8, it is claimed, was indebted to the plaintiff for the nonpayment of accrued per capita tax. In three causes of action plaintiff demands an accounting and a money judgment and other incidental equitable relief and does so upon numerous theories liberally sprinkled in each of the three causes.
There is no basis whatever for an accounting or equitable relief. The allegations of trust, confidence and fiduciary relationship are wholly conclusory and unfounded. Local 8 had no property belonging to the plaintiff and the relationship between them was one of simple debtor and creditor. There was nothing to convert and if conversion there was, it was committed against Local 8. Indeed, it is alleged that Local 8 remains undissolved and that the transfers to Local 210 were with consideration. Moreover, it clearly appears upon the face of the complaint that every act complained of in cementing the merger was done in the regular course of the conduct of the affairs of Local 8 and in the interests of the members thereof and without any self-interest in the officers acting on behalf of the membership. While plaintiff in its brief disavows any purpose to allege any violation of the Debtor and Creditor Law, nevertheless there are conclusory allegations to that effect. The allegations of transfer to achieve a wrongful purpose necessarily invoke the application of the Debtor and Creditor Law. But, as already stated, the acts were done in pursuit of the members’ interests, left Local 8, as alleged, undissolved, and the transfers were with consideration. The members of Local 8 were entirely free to disaffiliate and to reaffiliate and thereupon to distribute the assets to themselves and then to contribute those assets to the merged local (Suffridge v. O’Grady, 84 N. Y. S. 2d 211).
There remains for consideration an additional theory set forth as basis for recovery against Local 210 to the effect that the debt owing from Local 8 to the plaintiff was assumed by Local 210. The allegation is wholly conclusory.
In the fourth cause plaintiff seeks recovery against two individuals who before the disaffiliation were officers of Local 8. Not only had they acted in their official capacity in the interests of the members and not within their self-interest, but their liability, *499 if any, is wholly derivative and therefore they cannot be held liable in this action for any of the acts alleged to be committed, by them in connection with the disaffiliation and reaffiliation (Suffridge v. O’Grady, supra; Gulf Oil Corp. v. Smallman, 185 Misc. 409, affd. 270 App. Div. 129). No suit may be brought against them until a judgment secured against the local in which they were members is found unsatisfied and in which action there is available to the plaintiff all of the remedies provided in article 45 of the Civil Practice Act against Local 8 and against Local 210 as third party as well (Martin v. Curran, 303 N. Y. 276, 282).
All of the causes are insufficient and each motion is granted with leave to plaintiff to serve, within 20 days of service of a copy of this order with notice of entry, an amended complaint solely against Local 210 and upon a single cause based upon the claimed theory of assumption.