Frederick Backer, J.
Defendant union moves to reargue plaintiff’s motion for a temporary injunction (Civ. Prac. Act,. § 876-a) which was granted by decision, dated August 18, 1960 (26 Misc 2d 1066) and order of August 18, I960, entered thereon. This application for roargument is based upon matters *689 of law admittedly, by defendant, not presented or urged by it upon the argument of the original motion, but which it now presents as completely dispositive of the matter involved, as a matter of law. Defendant urges that the United States Supreme Court has in recent decisions held that State law may not be invoked to prevent the enforcement by a union of a contract provision which was the result of collective bargaining between the union and a multi-employer association, in a case involving interstate commerce, even where, under the State statute, the provision is deemed unlawful (Teamsters Union v. Oliver, 358 U. S. 283 [1959]) and Teamsters Union v. Oliver, 362 U. S. 605 [1960]). It is further urged that by the recent landmark case of San Diego Union v. Garmon (359 U. S. 236 [1959]) the extent of Federal pre-emption was enunciated and thereunder the National Labor Relations Board has “ primary ” exclusive jurisdiction to decide whether the union activity in the instant case is protected, prohibited or neither.
To the instant motion for reargument plaintiff interposes its opposition on the merits and preliminarily on the technical objection that re argument may not be had upon matters not presented upon the original motion and that the new matter now urged may not be considered by the court. This preliminary objection must be overruled. While defendant union’s application for reargument is predicated upon new matter (of law) not presented upon the original motion, the issues involved are of such moment that the technical objection must be subordinated to the merits. Procedure should not be exalted over substance where disregard of a procedural defect in no way prejudices or affects a substantial right of the parties (Avery v. O’Dwyer, 280 App. Div. 766). Moreover, reargument may be had, even if not addressed exclusively to the original papers, where the decision thereon is in conflict with a statute or a controlling decision to which the attention of the court was not drawn through the neglect or inadvertence of counsel (Fosdick v. Town of Hempstead, 126 N. Y. 651). Accordingly, we pass on to the merits of the instant motion.
In a field so fluid as that of labor law, existing State and Federal cases on the vast subject have been consistently subject to varied interpretations and made inapplicable by changes in the Federal act, changed conditions, views and decisional law. For ultimate determination of the instant conflict we must look to the recent two Oliver cases and that of Garmon, afore-cited. Measured by these holdings, I am persuaded that the doctrine of Federal pre-emption is such as to withdraw jurisdiction over this case from our State courts and that the National Labor *690 Relations Board has primary exclusive jurisdiction to decide whether the union activity in this case is protected, prohibited, or neither under the applicable Federal law. The doctrine of Federal pre-emption is succinctly stated as follows: “When it is clear or may fairly be assumed that the activities which a ¡State purports to regulate are protected by § 7 of the National Labor' Relations Act, or constitute an unfair labor practice under § 8 [U. S. Code, tit. 29, §§ 157, 158], due regard for the federal enactment requires that state jurisdiction must yield.” (San Diego Unions v. Garmon, 359 U. S. 236, 244, supra.) While plaintiff cites many cases in support of its argument that the defendant union’s activity constituted neither protected nor prohibited activity, and thus is not a matter exclusively for the National Labor Relations Board, (he difficulty is that its arguments are presented to the wrong-tribunal, for the afore-stated Garmon case holds (pp. 244-245) that: “At times it has not been clear whether the particular activity regulated by the States was governed by § 7 or § 8 or was, perhaps, outside both these sections. But courts are not primary tribunals to adjudicate such issues. It is essential to the administration of the Act that these determinations he left in the first instance to the National Labor Relations Board.” (Emphasis supplied.)
The United States Supreme Court noted the extent of the coverage of sections 7 and 8 as being “ one of the most teasing and frequently litigated areas of industrial relations ” (id., p. 241); that “The threshold question in every labor preemption case is whether the conduct with respect to which a Suite has sought to act is, or may fairly be regarded as, federally protected activity. Because conflict is the touchstone of preemption, such activity is obviously beyond the reach of all state power ” (id., p. 250).
Since it is fairly debatable upon the papers here presented whether the conduct involved is Federally protected, the Oliver and Garmon cases leave no alternative but to hold that this court is pre-empted from considering the matter which must be left for determination in the first instance to the National Labor Relations Board. Moreover, in Dooley v. Anton (8 N Y 2d 91 [1960]) the New York Court of Appeals recently has had occasion to apply the Garmon doctrine. The court noted that its previous approach had been that “ any doubt [regarding the scope of pre-emption] should be resolved in favor of [State] jurisdiction ” (Pleasant Val. Packing Co. v. Talarico, 5 N Y 2d 40, 47 |1958]). It then recognized that “ the basic approach to a labor pre-emption problem announced in the Garmon case *691 is diametrically opposed to this view. In Garmon, the Supreme Court adopted the rule that any doubt must be resolved in favor of the ‘ exclusive primary competence of the Board ’ ”. (Dooley v. Anton, supra, p. 96.)
In Columbia Broadcasting System v. McDonough, the Appellate Division in holding the Garmon decision to be controlling, stated that: “ Where, as here, there is an arguable question of jurisdiction, determination in the first instance must be left to the National Labor Relations Board and the State courts are not primary tribunals to adjudicate such issue ” (8 A D 2d 695, affd. 6 N Y 2d 962).
In the light of all of the afore-stated, I am therefore compelled to grant the instant motion for reargument. Upon such reargument the original decision is vacated and the motion for temporary injunction is denied upon the jurisdictional grounds stated. The parties are relegated to the National Labor Relations Board for such relief as they may be advised.