Henry Epstein, J.
There are three motions before the court. The motions are in substance the same and are made by several of the named defendants.
*692 The plaintiff herein has sought a declaratory judgment, alleging in its first cause of action that the named defendants illegally conspired with other teamster locals and with plaintiff’s competitors to force plaintiff out of the business of selling milk at milk depots by including in a number of area-wide collective bargaining agreements, which were negotiated without plaintiff’s participation or consent, a clause 62A applicable only to the plaintiff. The second cause of action seeks a declaratory judgment alleging that clause 62A imposed upon plaintiff by said defendants was illegal as in restraint of trade in violation of the State antitrust laws.
Clause 62A has been changed down through the years as the result of negotiation and long and costly arbitration. There have been prior motions here addressed to the instant causes of action. By order dated May 22, 1958 Mr. Justice Steuer (13 Misc 2d 590) denied plaintiff’s motion for a temporary injunction to restrain defendant from any act compelling plaintiff to enter into the agreement pending trial. The denial of the motion was grounded on the fact that there was nothing done or threatened in the way of a strike or picketing of plaintiff. It was suggested that plaintiff might renew the application if the situation changed adversely.
As originally instituted this action was brought against the defendant Milk Drivers and Dairy Employees Local No. 584 of the International Brotherhood of Teamsters, Chauffeurs, Ware-housemen and Helpers of America, defendant John J. Kelly, president of Local 584, and defendant Irving Bogin, its treasurer. Thereafter, and in June, 1958, the representatives of Local 584 had a discussion with plaintiff’s representatives and as a result of that conversation plaintiff claims to have been forced to sign a form of collective bargaining agreement with clause 62A and schedule C-, under the threat of a picket line at plaintiff’s establishment.
Plaintiff then moved, and by order was granted, permission to serve an amended and supplemental complaint setting forth the facts that had occurred since the service of the original complaint and adding to the action as additional parties defendant the four local unions which in addition to Local 584 had negotiated the agreement; the various employer groups which had negotiated that form of agreement on behalf of management, and the trustees of the pension and welfare trust fund, who it is alleged aided the other defendants and prospective defendants in compelling plaintiff to execute the form of collective bargaining agreement.
*693 In June, 1960, plaintiff was requested to open an additional milk station in a low-cost housing project known as Marlboro House. On June 13, 1960, plaintiff signed the collective bargaining agreement for the period October 24, 1959 to October 24, 1961 but, as on prior occasions, it is claimed that such signing was under duress. After this last agreement was signed, a business agent for Local 584 visited plaintiff and told its representative that the opening of the milk station at Marlboro House was a violation of the agreement and unless it was stopped, defendant would tie up the plaintiff’s operation. Again under protest plaintiff closed this milk depot.
On July 6,1960, plaintiff brought a motion to prevent Local 584 and its officers and those acting in concert with them from in any way interfering with the operation of plaintiff’s milk depots. The court (Backer, J., 26 Misc 2d 1066) concluded that this was not a labor dispute within the contemplation of section 876-a of the Civil Practice Act and consequently, he issued an injunction. The defendants moved for reargument and after reviewing the authorities, not originally presented on the argument of the motion, the court recalled its prior decision and denied the injunction. In denying the injunction on the reargument, the court stated (29 Misc 2d 688, 689-690, Backer, J.): “For ultimate determination of the instant conflict we must look to the recent two Oliver cases [358 U. S. 283] and that of Garmon, aforecited. Measured by these holdings, I am persuaded that the doctrine of Federal pre-emption is such as to withdraw jurisdiction over this case from our State courts and that the National Labor Relations Board has primary exclusive jurisdiction to decide whether the union activity in this case is protected, prohibited, or neither under the applicable Federal law. The doctrine of Federal pre-emption is succinctly stated as follows: ‘ When it is clear or may fairly be assumed that the activities which a State purports to regulate are protected by § 7 of the National Labor Relations Act, or constitute an unfair labor practice under § 8 [U. S. Code, tit. 29, §§ 157, 158], due regard for the federal enactment requires that state jurisdiction must yield.’ (San Diego Unions v. Garmon, 359 U. S. 236, 244, supra.) While plaintiff cites many cases in support of its argument that the defendant union’s activity constituted neither protected nor prohibited activity, and thus is not a matter exclusively for the National Labor Relations Board, the difficulty is that its arguments are presented to the wrong tribunal, for the afore-stated Garmon case holds (pp. 244r-245) that: ‘ At times it has not been clear whether the particular *694 activity regulated by the States was governed by § 7 or § 8 or was, perhaps, outside both these sections. But courts are not primary tribunals to adjudicate such issues. It is essential to the administration of the Act that these determinations be left in the first instance to the National Labor Relations Board.’ (Emphasis supplied.) ” The court on the reargument continued as follows: “ Moreover, in Dooley v. Anton (8 N Y 2d 91 [1960]), the New York Court of Appeals recently has had occasion to apply the Garmon doctrine. ■ The court noted that its previous approach had been that ‘ any doubt [regarding the scope of pre-emption] should be resolved in favor of [State] jurisdiction ’ (Pleasant Val. Packing Co. v. Talarico, 5 N Y 2d 40, 47 [1958]). It then recognized that ‘ the basic approach to a labor pre-emption problem announced in the Garmon case is diametrically opposed to this view ’. In Garmon, the Supreme Court adopted the rule that any doubt must be resolved in favor of the ‘ exclusive primary competence of the Board ’. (Dooley v. Anton, supra, p. 96.) ”
Finally, the concluding sentences in the court’s opinion granting reargument and denying the injunction were (p. 691): ‘ ‘ Upon such reargument the original decision is vacated and the motion for temporary injunction is denied upon the jurisdictional grounds stated. The parties are relegated to the National Labor Relations Board for such relief as they may be advised.”
It is therefore clear that it has already been determined in this court that the question of jurisdiction lies with the National Labor Relations Board and not here. The decision on the motion for an injunction is the law of the case.
Defendants’ motions pursuant to rule 112 of the Rules of Civil Practice are therefore granted and the motions are granted dismissing the complaint because the court lacks jurisdiction of the subject matter. The motions insofar as they seek relief under other sections are also denied.