James .W. Bailey, J.
Plaintiff makes application for a temporary injunction restraining the defendants from striking and picketing plaintiff’s place of business.
Defendants make a cross motion to dismiss the complaint upon the grounds that (1) the court lacks jurisdiction of the subject matter (2) the complaint fails to state facts sufficient to constitute a cause of action (3) the action involves a labor dispute affecting interstate commerce and the New York State courts are pre-empted of jurisdiction (4) that unfair labor practices affecting interstate commerce are alleged and jurisdiction thereof is exclusively within the National Labor Relations Board and (5) that a labor dispute is involved pursuant to section 876-a of the Civil Practice Act and an injunction may not be granted without compliance therewith.
The first cause of action alleged charges the defendant union and its members with a violation of the collective bargaining agreement executed by the parties on October 20; 1955, which by its terms is effective until May 31, 1958. Particularly the complaint charges a violation of the no-strike provision of the agreement which is quoted in paragraph “ 10 ”.
The defendant union specifically agreed not to strike during the term of the agreement and to follow the grievance procedure outlined therein to settle all disputes reserving the right to .strike only for nonpayment of wages, health and welfare and pension contributions.
The controversy between the parties according to the complaint involves the question whether trailer drivers are entitled to a time allowance for the time they stood by and were unable to perform work because of a snowstorm on December 4, 1957. The employer contends that the additional If per mile provided by the contract for the period December 1 through April 30 of each year was intended to compensate for delays caused by snow. The employer further contends that such time may not be allowed because the trailer drivers did not report or .log in and there is no basis upon which.to compute such time. The defendants contend that trailer drivers are not required to report or log in; that the additional If per mile applies to delays on the road and that they are entitled to a time allowance for waiting time pursuant to the agreement and the schedule annexed thereto.
The first question for consideration is whether the court has jurisdiction to entertain this application and the second question for consideration is whether there has been a breach of the collective bargaining agreement which this court may enjoin.
*759 The courts of this State have a fundamental and inherent right to compel compliance with contracts executed within their territorial jurisdiction. The importance of enforcing collective bargaining agreements is manifest. The execution of the agreement does not by itself promote industrial peace. If the parties can breach the agreement with impunity then such agreements will not accomplish their main purpose of stabilizing industrial relations. An assurance of uninterrupted operation during the terms of the agreement is a distinct advantage to the employer. Without, some effective method of enforcing the agreement and assuring freedom from strikes the agreement is of little value to the employer. Congress recognized the importance of enforcing collective bargaining agreements by affording statutory power to enforce to the Federal District Courts when commerce is affected without respect to the amount in controversy or without regard to the citizenship of the parties. (See U. S. Code, tit. 29, § 1852.) However Congress did not grant exclusive jurisdiction to the Federal courts nor pre-empt enforcement from State courts. The section states that the Federal courts may entertain jurisdiction but not that they must. No decision has been called to this court’s attention which holds that Federal jurisdiction is exclusive or that Federal legislation has pre-empted the State courts of jurisdiction to enforce collective bargaining agreements. Once the parties have made a collective bargaining agreement its enforcement should be left to the usual processes of the law and not relegated to the exclusive jurisdiction of the National Labor Relations Board. See House Conference Report No. 510, 80th Congress, First Session, page 42, quoted in Textile Workers v. Lincoln Mills (353 U. S. 448, 452). The right of State courts to enforce collective bargaining agreements has been constantly upheld. (See McCarroll v. Los Angeles County Dist. Council, 315 P. 2d 322; Philadelphia Marine Trade Assn. v. International Longshoremen’s Assn., 382 Pa. 326; Matter of Aaronson Bros. Paper Corp. v. Fishko, 286 App. Div. 1009; New York Shipping Assn. v. International Longshoremen’s Assn., 154 N. Y. S. 2d 360; Parodi Cigar Co. of N. Y. v. Gaeta, 156 N. Y. S. 2d 282.)
In the absence of a clear Federal legislative prohibition this court will not divest itself of its inherent right to enforce the contract.
There remains for consideration the question whether the defendants breached the collective bargaining agreement by striking. It is their contention that the contract reserves to them the right to strike for nonpayment of wages and that the present dispute involves nonpayment of wages.
*760 Almost any dispute under the contract will indirectly affect the wages of the employees. It was obviously not the intention to authorize a strike for every dispute which indirectly affected wages for under such circumstances the no-strike provision would be worthless. The dispute herein does not directly involve the nonpayment of wages. A controversy first exists as to whether the employees are entitled to the wages. More specifically the dispute involves the question whether the employees are entitled to a time allowance for waiting time at plaintiff’s plant. This dispute is encompassed within the grievance procedure outlined in the contract and may be resolved pursuant thereto. The employees may not strike in the first instance without a prior determination that the wages are actually due them.
As stated by the United States Supreme Court in Textile Workers v. Lincoln Mills (353 U. S. 448, 455): “ Plainly the agreement to arbitrate grievance disputes is the quid pro quo for an agreement not to strike.” Defendants may not ignore the grievance procedure and strike instead. Either party may invoke the grievance procedure but failure of the plaintiff to so invoke it does not authorize the defendants to ignore it and to violate the agreement by striking.
The principal violation alleged in the first cause of action relates to the failure to comply with the no-strike provisions of the contract. In essence the action seeks to enforce the collective bargaining agreement. Any collateral allegations are immaterial to the main issue and do not transform this action to enforce the contract into a labor dispute or into an action to restrain unfair labor practices. The court concludes that this action does not involve a labor dispute within Federal or State statutes nor does it contain charges of unfair labor practices in commerce which are within the exclusive jurisdiction of the National Labor Relations Board. The strike is in violation of the collective bargaining agreement and the agreement provides adequate remedies which have not been pursued. (See Stewart Stamping Corp. v. Uprichard, 133 N. Y. S. 2d 579, affd. 284 App. Div. 902; Dalzell Towing Co. v. United Marine Division, I. L. A. Local 333, 279 App. Div. 212; Republic Aviation Corp. v. Republic Lodge No. 1987, 10 Misc 2d 783; Bee Line v. Long Is. Local 252, 157 N. Y. S. 2d 232.)
The motion to dismiss the complaint does not reach the sufficiency of the second cause of action to recover damages against the employees individually. The rule is fundamental that a motion to dismiss a complaint must be denied if a single valid cause of action is alleged. (See Advance Music Corp. v. Amer *761 ican Tobacco Co., 296 N. Y. 79; Andrews v. 98 Montague, Inc., 282 App. Div. 1066.) The court does not therefore pass upon the sufficiency of the second cause of action.
It is apparent from the papers submitted upon this application that irreparable harm will ensue to plaintiff if defendants continue to violate the no-strike provisions of the contract. Under the circumstances the application for a temporary injunction is granted upon the condition that plaintiff proceed diligently to trial of the issues and upon the further condition that plaintiff file an undertaking pursuant to section 893 of the Civil Practice Act.
Settle order according. Cross motion denied. Submit order.