Edgar J. Nathan, Jr., J.
In this action, plaintiff seeks a permanent injunction against defendant union’s picketing activities claimed to be in violation of a collective bargaining agreement between the parties.
Plaintiff, a trucking concern engaged in interstate commerce, maintains terminals in the City of New York, where it employs drivers, helpers and platform men who are members of defendant union, Highway and Local Motor Freight Drivers, Dockmen and Helpers, Local 707. Prior to the expiration of the 1956-1958 collective bargaining agreement between the parties, plaintiff and other employers commenced negotiations for a new two-year agreement for the period of 1958-1960. These negotiations resulted in an accord on the terms of such new collective bargaining agreement, to be effective September 1, 1958 to August 31, 1960. The agreement was subsequently printed as agreed upon by the representatives of the employers and of the union comprising the negotiating committee, and was duly approved by a vote of the union membership. Printed copies of the agreement were forwarded by the union to plaintiff and other employers for signature on November 14,1958, to be signed and returned to the union for its signature. No such agreement has been signed by the union with any employer. Both the union and plaintiff have abided by the terms of this agreement with regard to increased wages, welfare and pension benefits, and in other respects. It is not disputed that the union employees of the *480 plaintiff are receiving the wages, pension and welfare benefits provided in the new agreement, and that the plaintiff is complying with, and according to its employees, all the benefits of all conditions of employment therein contained. The plaintiff claims it signed the agreement and returned it to the union, but the union denies ever having received any signed copy from plaintiff.
On January 12,1959 the union established picket lines at plaintiff’s terminals in New York City for the stated purpose of organizing clerical workers employed by plaintiff, and this picketing still continues; the union has taken this action despite the no-strike and no-picket provisions of both the old and the new collective bargaining agreements.
Plaintiff contends that there is a valid and subsisting collective bargaining agreement between plaintiff and the union; that there is no labor dispute within the meaning of section 876-a of the Civil Practice Act; and that the union’s activities constitute a breach of that agreement.
Defendants contend that the alleged collective bargaining agreement is invalid, in violation of the Statute of Frauds; that there is a labor dispute within the meaning of section 876-a of the Civil Practice Act, which precludes the issuance of an injunction in view of plaintiff’s failure to comply with that section; that defendants have a constitutional right to picket for organizational purposes; and that the court lacks jurisdiction over the subject matter of this action.
Plaintiff’s claim is based upon the existence of a valid agreement between the parties and a breach thereof. It appears that the State Statute of Frauds (Personal Property Law, § 31) is not applicable (Rabouin v. National Labor Relations Bd., 195 F. 2d 906; J. I. Case Co. v. Labor Bd., 321 U. S. 332). In any event, in the light of all the evidence, including the written form of agreement, the covering letter of November 14, 1958 signed on behalf of the union forwarding printed copies of the new agreement to the employers for signature, and the course of conduct of the parties, the court finds that there has been compliance with the Statute of Frauds of this State. (See Crabtree v. Elizabeth Arden Sales Corp., 305 N. Y. 48.) Furthermore, defendants have not pleaded the statute as an affirmative defense.
Defendants also urged that compliance with section 10(c) of the collective bargaining agreement, providing that the employer post a bond to secure payments due to the welfare and pension funds, was a condition precedent to acceptance of the contract by the union, and that plaintiff had not put up the bond. That section of the agreement also affords the union a remedy in the *481 event of failure to post such bond, which negates this contention of defendant. Moreover, section 10(c) has since been met in accordance with the terms of the agreement, curing any such alleged defect. Under all these circumstances the court holds that the 1958-1960 collective bargaining agreement is a valid and subsisting agreement.
Section 12(c) of the agreement provides that “ there shall be no lockout, strike, slow-down, work stoppage, picketing or boycott pending the processing and/or disposition of any dispute hereunder and the remedies of the parties shall be restricted exclusively to the enforcement of the arbitration award. ’ ’ Incorporated in the collective bargaining agreement is a supplemental agreement which repeats these prohibitions. Section 5(a) thereof provides that ‘ ‘ pending the arbitration of any dispute or grievance, there shall be no strikes, * * * picket lines * * * or any other work interference or suspension of any kind or nature ”. This section further provides that it is the intention of the parties that “ all disputes or grievances * * * shall he settled by peaceable and orderly arbitration.” There is no provision in the agreement which sanctions the use of a picket line, or the right of union employees to refuse to cross a picket line, except section 5(b) which reserves the right of the union to refuse to cross a picket line “ established by any other local union affiliated with the International Brotherhood of Teamsters.”
Defendants’ establishment of a picket line and the refusal of union employees to cross that picket line constitute a breach of the express terms of the collective bargaining agreement. Indeed, any contrary interpretation would defeat the very purpose and intent of the parties in entering into such an agreement. The supplemental agreement provides that “ the parties intend that all disputes and grievances arising between the Union and Employers concerning the application or interpretation or violation of any provision of this Agreement * * * shall be submitted to arbitration ” and further “ the parties are desirous of establishing arbitration * * * for the * * * settlement of any dispute or grievance ’ ’. At the very least, this dispute would be arbitrable under the terms of the agreement and the no-picket, no-strike provision pending arbitration would be applicable. Plaintiff took appropriate steps under this agreement to arbitrate any dispute, but the union has repudiated arbitration and has ignored the order of the arbitrator. The union is therefore denying the existence of any labor dispute or is violating the contract. In either event, an injunction may issue.
*482 Defendants contend however that the present controversy constitutes a labor dispute under section 876-a of the Civil Practice Act and that the court is powerless to grant the injunctive relief reouested. There is presented here no controversy arising out of the respective interests of plaintiff employer and employees who are members of the defendant union. There is an effort by the union to organize other nonunion employees of plaintiff’s, and for this purpose it established the picket line. Peaceful picketing for organizational purposes does not constitute a labor dispute under this section when such conduct contravenes the collective bargaining agreement and deprives the employer of his rights thereunder. In such a case the picketing is unlawful and there is no bona fide labor dispute under section 876-a. Where, as here, there is a valid existing bargaining agreement between the employer and the union, and the picketing is unlawful under the terms of that agreement, section 876-a is not applicable (Metzger Co. v. Fay, 4 A D 2d 436).
Moreover, it is now clear that picketing which is conducted for an unlawful objective is not within the proscription of section 876-a and may he enjoined (Opera on Tour v. Weber, 285 N. Y. 348, reargument denied 286 N. Y. 565, cert, denied 314 U. S. 615, motion for reargument denied 287 N. Y. 649, rehearing denied 314 U. S. 716; Goodwins, Inc., v. Hagedorn, 303 N. Y. 300). A fortiori, picketing which is itself unlawful, as a breach of contract, has a similar immunity from the statute. In so holding the court is aware of the decisions in Rabinowe & Co. v. Acropolis (96 N. Y. S. 2d 533); Green Bus Lines v. Flynn (61 N. Y. S. 2d 663); and Bert Mfg. Co. v. Local 810 (136 N. Y. S. 2d 805) all of which are distinguishable from the case at bar. There is no labor dispute here involved.
Defendants also contend that they have a constitutional right to picket plaintiff’s terminals for organizational purposes, and that even in the absence of section 876-a the court may not enjoin such activity. It is conceded that defendant has a constitutional right to conduct peaceful picketing (Thornhill v. Alabama, 310 U. S. 88) and that picketing for organizational purposes is lawful (Wood v. O’Grady, 307 N. Y. 532). But this right must yield in this case to the terms of the contract voluntarily entered into by defendants, wherein it waives this right by contracting not to picket. Picketing is not immune from State regulation where it is violative of State public policy (Teamsters Union v. Vogt, Inc., 354 U. S. 284, rehearing denied 354 U. S. 945). Conduct which has the effect of violating a valid collective bargaining agreement and is, therefore, contrary to *483 the public policy of the State may be enjoined unless jurisdiction of the particular conduct is pre-empted by Federal law.
There remains the question of the State courts’ jurisdiction to entertain this action. Defendant contends that the acts complained of by plaintiff herein constitute “ an unfair la! or practice ” and that this case comes within the exclusive jurisdiction of the National Labor Relations Board. Plaintiff’s complaint does not allege any “ unfair labor practice ” under section 8 (subd. [b], par. [1]) of the Labor Management Relations Act (U. S. Code, tit. 29, § 158, subd. [b], par. [1]) as urged by defendants. No other section of that act has been invoked by defendants. The line of decisions following Garner v. Teamsters Union (346 U. S. 485) are not controlling as in that case an “ unfair labor practice ” cognizable by the National Labor Relations Board was involved. (See Pleasant Val. Packing Co. v. Talarico, 5 N Y 2d 40.)
It does not appear that picketing in violation of a collective bargaining agreement constitutes an unfair labor practice within the moaning of section 8 of the Labor Management Relations Act of 1947, as amended (U. S. Code, tit. 29, § 141 et scq.). (National Labor Relations Bd. v. Pennwoven, Inc., 194 F. 2d 521.) The rule that emerges from a study of the cases both in this State and in the Federal courts seems to establish that the State courts retain jurisdiction in an action for breach of contract such as is here presented in addition to cases involving the police power.
The evidence has established the continuance of the picketing would result in irreparable injury to the plaintiff. Proof of actual damages has been postponed by consent of the parties.
All motions upon which decision was reserved and not otherwise disposed of herewith are denied.
Formal findings of facts and conclusions of law have been waived. This opinion constitutes the decision of the court pursuant to section 440 of the Civil Practice Act.
Settle judgment for plaintiff forthwith.