Isadore Bookstein, J.
Plaintiff applies for an order to show cause why a temporary injunction should not issue and asks that such order contain a stay, staying the strike sought to be enjoined, pending a hearing on the order to show cause for a temporary injunction.
I have required that defendant be given an opportunity to be heard on the question of whether or not the stay should be granted, and defendant’s attorney, pursuant to oral notice, has appeared and opposes the stay.
The only question for determination is whether the court has power to grant an injunction in the situation here presented; and consequently whether it has the right to grant a stay, pending the hearing and determination of the motion for a temporary injunction.
There is no doubt that the State courts are not pre-empted. There can also be no doubt, unless that is changed by decisions *148 hereinafter referred to, that a strike in violation of a no-strike clause in a collective bargaining agreement, is not a labor dispute within the meaning of section 876-a of the Civil Practice Act, and that the State courts have jurisdiction and power to enjoin such a strike, as a breach of contract. (Dairymen’s League Co-op. Assn. v. Conrad, 33 Misc 2d 914 [Spec. Term, Feb. 26, 1962], unanimously affd. 16 A D 2d 869 [4th Dept., May, 1962]; Anchor Motor Frgt. N. Y. Corp. v. Local Union No. 445, 12 Misc 2d 757 [Spec. Term, Jan. 14, 1958], unanimously affd. 5 A D 2d 869 [2d Dept., March, 1958], permanent injunction decree unanimously affd. 11 A D 2d 766 [2d Dept., July, 1960]; McLean Trucking Co. v. Doyle, 17 Misc 2d 478 [Spec. and Trial Term, New York County, Jan. 23, 1959], unanimously affd. 8 A D 2d 789 [1st Dept., June, 1959], motion for leave to reargue or for leave to appeal to the Court of Appeals unanimously denied [Oct. 29, 1959], 9 A D 2d 677.)
In connection with the latter case, it is interesting to note that, although the new collective bargaining agreement had not yet been signed, the court held that it could and would enforce both the no-strike and the arbitration provisions of the unsigned agreement.
Here the new agreement has not yet been reduced to writing or signed. But it is being acted on by both parties. Here the no-strike provision is identical with the one in the agreement which had expired and the arbitration clause changes are not applicable to this controversy, which is covered by the agreement which had expired, and hence is covered by that one, as well as the new one agreed upon, but not yet reduced to writing or signed. (Cf. Hamilton Foundry & Mach. Co. v. International Molders & Foundry Workers Union of North America, 193 F. 2d 209, 213-214.)
In Matter of Ruppert (Egelhofer) (3 N Y 2d 576), decided in 1958, our Court of Appeals held that, where there was a collective bargaining agreement containing a provision forbidding any “ slowdown ” (or any lockout or strike), the decision of the arbitrator enjoining the union from continuing “ slowdown ” did not violate section 876-a of the Civil Practice Act, the prototype of the Federal Norris-La Guardia Act.
In Dowd Box Co. v. Courtney (368 U. S. 502), decided February 19,1962, the Supreme Court of the United States recognized the right of the State courts to enforce the arbitration clause of a collective bargaining agreement, despite the enactment of subdivision (a) of section 301 of the Labor Management Relations Act of 1947 (U. S. Code, tit. 29, § 185, subd. [a]).
*149 Thereafter, on March 5,1962, that court handed down its decision in Teamsters Local v. Lucas Flour Co. (369 U. S. 95) sustaining a judgment for damages in a suit brought by the employer in a State court, for breach of an arbitration clause in a collective bargaining agreement, despite the fact that there was no no-strike clause in the agreement. It emphasized what had been held in the Dowd case (supra) that subdivision (a) of section 301 of the Labor Management Relations Act of 1947, did not pre-empt the State courts from actions to enforce such agreements. It did, however, hold that where the substantive law of the State differed from Federal policy in labor matters, the State court must apply the Federal substantive law.
Up to this point, therefore, on the face of the present papers, the plaintiff is entitled to injunctive relief, against a strike called in violation of the no-strike clause and the arbitration clause of the collective bargaining agreement.
The ultimate question, therefore, is whether that rule has been reversed by the decision in Sinclair Refining Co. v. Atkinson (370 U. S. 195), decided June 18, 1962.
In that case, which was an action in the Federal courts, despite the holding in Dowd (supra) permitting an injunction in the State courts against an employer, restraining him from failure to comply with the arbitration clause of a collective bargaining agreement and the holding in Lucas (supra) that an action for damages in the State courts against a union for violating an arbitration clause in a collective bargaining agreement, was cognizable in the State courts, the Supreme Court of the United States held that an action for an injunction against a labor union to restrain a strike in violation of a no-strike and an arbitration agreement in a collective bargaining agreement, was not maintainable in the Federal courts.
The basis for the decision was that section 301 of the Labor Management Relations Act of 1947, which conferred upon Federal courts jurisdiction with reference to actions involving collective bargaining agreements, did not expressly confer upon them jurisdiction to apply the remedy of an injunction against a strike in violation of collective bargaining agreements and that, hence, the Norris-La Guardia Act, interdicting injunctions in labor disputes, prevailed.
The majority opinion, when carefully read, demonstrates that the author was careful to delineate that the Norris-La Guardia Act interdiction against injunctions, was, therefore, an interdiction against Federal courts.
The opinion does not indicate in any way that such interdiction applied to State courts and the remedies there available *150 for a breach of contract, including the right, under State law, to an injunction to restrain such breach. The majority opinion studiously avoided any expression on that subject.
The omission is sharply pointed up in the dissenting opinion, in which, among other things, the author says (p. 226): “ The question arises whether today’s prohibition of injunctive relief is to be carried over to state courts as a part of the federal law governing collective agreements. If so, § 301, a provision plainly designed to enhance the responsibility of unions to their contracts, will have had the opposite effect of depriving employers of a state remedy they enjoyed prior to its enactment.”
The Sinclair decision did not hold that the prohibition against the injunction applied to State courts.
Moreover, the legislative history of section 301, as set forth in the appendix to the dissenting opinion of Mr. Justice Frankfurter in Textile Workers v. Lincoln Mills (353 U. S. 448, 462), shows that section 301 was not enacted to supplant remedies existing under State law but rather to supplement them by conferring jurisdiction on Federal courts. Indeed, in Dowd (368 U. S. 502, 508-509, supra) the Supreme Court said: “ The legislative history makes clear that the basic purpose of § 301 (a) was not to limit, but to expand, the availability of forums for the enforcement of contracts made by labor organizations. Moreover, there is explicit evidence that Congress expressly intended not to encroach upon the existing jurisdiction of the state courts.” Sinclair (supra) holds that in conferring jurisdiction on Federal courts section 301 did not confer the remedy of a restraining injunction against a strike in violation of a no-strike clause in an arbitration agreement. Sinclair did not hold that the injunction remedy in a State court was no longer available.
In Dowd (supra) also it was expressly held that section 301 did not divest State courts of jurisdiction in actions involving the breach of collective bargaining agreements, containing no-strike and arbitration clauses.
So far as the State courts are concerned, then, it seems that the law is unchanged and that the remedy by way of injunction against a strike in violation of a no-strike clause in a collective bargaining agreement is not a violation of section 876-a of the Civil Practice Act and continues to exist.
The Norris-La Guardia Act (IT. S. Code, tit. 29, §§ 101-113, subd. [d]) denies to the courts of the United States, only, jurisdiction to issue injunctions in labor disputes. That is the basis for the decision in Sinclair (supra) and probably why the majority was careful to say that Federal courts are barred from granting injunctions, under the 1947 act.
*151 It places no such restriction on State courts.
There can be no doubt that that is one of the reasons for the enactment of what is popularly known as the little Morris-La Guardia Act, to wit, section 876-a of the Civil Practice Act.
The three cases heretofore cited in the First, Second and Fourth Departments were all decided long after the enactment of the Labor Management Relations Act. True, that act was not discussed in the opinion but it cannot be doubted that the courts as well as counsel were aware of its provisions.
The purpose of a collective bargaining agreement, with a no-strike or lockout provision and with a provision for arbitration, is to preserve industrial peace. The State is vitally interested in such preservation. If the no-strike clause is unenforeible, what purpose is there in such an agreement, so far as the employer is concerned 1
In the absence of a clear declaration by the higher courts of this State or of the United States Supreme Court, that a nostrilce clause is unenforeible by way of injunction, I am constrained to hold that the decision in Sinclair (supra), based on the Morris-La Guardia Act, does not overrule the decision of the Appellate Divisions of this State referred to.
Nor, in my judgment do the decisions cited in the memorandum of defendant, to wit, Brown v. Western Ry. of Alabama (338 U. S. 294) and Dice v. Akron, Canton & Youngstown R. R. Co. (342 U. S. 359), sustain defendant’s contention, to the contrary. Indeed, I do not regard them as apropos.
So far as the contention of defendant to the effect that State courts must follow labor law policy of the United States is concerned, it does not seem to me that the determination in Sinclair (supra) is a policy determination. Rather, it is limited to a matter of statutory construction between two different statutes and the extent to which one impinges on the other.
Accordingly, I am constrained to grant the order to show cause and the stay therein proposed.
Pursuant to section 893 of the Civil Practice Act, plaintiff, as a condition of the stay, is to furnish a surety bond to defendant in the sum of $20,000, to pay any damages sustained by defendant, as a result of such stay, should the same be vacated.