222 So.2d 701

**George W. DEAN et al.**

**v.**

**SCOTT PAPER COMPANY, SOUTHERN DIVISION.**

**I Div. 478.**

Supreme Court of Alabama.

April 3, 1969.

Rehearing Denied May 29, 1969.

Simon & Wood, Mobile, for appellants.

Armbrecht, Jackson & DeMouy, Mobile, for appellee.

SIMPSON, Justice.

Scott Paper Company, Southern Division, is a corporation organized and existing under the laws of the State of Pennsylvania and doing business in the city and county of Mobile, Alabama. It filed a bill against the appellants in this case and several other individuals and several labor unions alleging that on November 15, 1965, Scott Paper Company, Southern Division, made and entered into a collective bargaining contract with the respondent labor organizations governing the payment of wages, working conditions, and other matters, at its place of business in Mobile, Alabama, for the period from June 1, 1965 to June 1, 1968. The complaint alleged that Scott Paper Company, Southern Division, had fulfilled the conditions of and obligations imposed upon it by the said collective bargaining agreement with each of the labor organizations named in the bill as respondents. The contract involved contains the following clause:

> "During the term of this Agreement, and while negotiations for any change in or renewal of this Agreement are in progress (during which time the provisions of this Agreement shall remain in full force and effect) the Company agrees that there shall be no lockout of the members of the Unions at its Southern Division, and the Union agrees, during said period, not to cause or permit its members to cause and that none of its members shall take part in any strike of any kind or description whatsoever, walkout, or in any other interference or stoppage, total or partial, of the Company's operations at its Southern Division."

The bill alleged that while the complainant had done and performed everything required of it under the contract with the respondents, the respondent labor organizations, their officers, their representatives, members, and each of them, in violation of its contract, and particularly the "No Strike" clause contained in that contract, had not performed and fulfilled their obligations and duties under the contract including performing the work called for and required to be performed by them thereunder.

The bill alleged that the respondents and their members, officers, etc. had failed and refused to perform their duties under the collective bargaining agreement and that picket lines had been placed at the complainant's place of business, all in violation of the agreement. The bill further alleged that the presidents of each of the local unions had advised Scott Paper Company that the strike and refusal to work was a "wildcat" strike and the presidents of each local advised Scott Paper Company that the strike was in violation of the contract. It was also alleged that no labor dispute was pending between Scott Paper Company and its employees nor any labor organizations representing any of the employees.

The bill sought the issuance of a temporary writ of injunction or restraining order enjoining the respondents from breaching the contract between Scott Paper Company and the labor organizations, and from illegally interfering with or preventing the

performance of the contract, or from encouraging or abetting the breach of the contract by others.

The court issued the injunction.

The appellants here, Dean, Winters, and Shuler, filed a plea to the jurisdiction of the court contending that the Circuit Court of Mobile County had no jurisdiction over the subject matter but rather that the matter complained of was within the exclusive jurisdiction of the National Labor Relations Board. Only these three persons, who were respondents below, have appealed from the ruling of the Circuit Court of Mobile County and assigned as error the trial court's decree overruling their plea to the jurisdiction. Therefore, the first question before us is whether or not the court below had jurisdiction over the subject matter of this case.

■ No doubt, as it has been interpreted, the reach of the Federal power under the "Commerce Clause" is broad enough to permit Congress to make the regulation of labor relations the exclusive province of the national government. Our question is whether or not the Congress has done so. As noted by Justice Traynor in McCarroll v. Los Angeles County District Council of Carpenters, 49 Cal.2d 45, 315 P.2d 322,

"It is now well established that if conduct may be reasonably deemed to fall within the provisions of the Labor Management Relations Act defining unfair labor practices (29 U.S.C.A. § 158(a)—(b)), a state court has no jurisdiction to grant injunctive relief under either state or federal law, even if the National Labor Relations Board has declined to exercise jurisdiction over the controversy. Weber v. Anheuser-Busch, Inc., 348 U.S. 468, 481, 75 S.Ct. 480, 99 L.Ed. 546; Guss v. Utah Labor Relations B[oar]d, 353 U.S. 1, 77 S.Ct. 598, 1 L.Ed.2d 601; Charles H. Benton, Inc. v. Painters Local Union, 45 Cal.2d 677, 681, 291 P.2d 13."

However, that general proposition does not compel the conclusion that the violation of a No Strike Clause in a collective bargaining agreement constitutes an unfair labor practice within the meaning of the Labor Management Relations Act. As Justice Traynor went on to note in the California case, supra:

"Conduct that constitutes a breach of a collective bargaining agreement is not for that reason alone an unfair labor practice. Proposals to make breach of contract an unfair labor practice were before Congress when it enacted the Taft-Hartley law, but were specifically rejected by the conference committee on the ground that once the parties had entered into a collective agreement, *enforcement should be left to the usual processes of the law and not to the National Labor Relations Board.*" (Emphasis added.) Citing Association of Westinghouse Salaried Employees v. Westinghouse Electric Corp., 348 U.S. 437, 75 S.Ct. 489, 99 L.Ed. 510.

The Supreme Court of the United States in Association of Westinghouse, etc. v. Westinghouse Electric Corp., supra, in discussing the Act quoted from the Congressional debates as follows:

"Section 8 enumerates unfair labor practices; these may in some instances become relevant to the validity or interpretation of a collective agreement. Certain procedural safeguards are placed about the collective bargaining agreement: an obligation to confer in good faith on questions arising under it; * * *. And a limited number of substantive rights conferred under the Act may incidentally involve the interpretation of the collective agreement. * * * It is significant, however, that breach of contract is not an 'unfair labor practice.' A proposal to that end was contained in the Senate bill, but was deleted in conference with the observation: 'Once parties have made a collective bargaining contract the enforcement of that contract should be left to the usual processes of the law and not to the National Labor

Relations Board.' H.R.Conf.Rep. No. 510, 80th Cong., 1st Sess. 42. * * *."

It is the contention of appellants that the National Labor Relations Board has exclusive jurisdiction over the matter involved in this controversy.

Decisions from other courts refute that contention. In Radio Corporation of America v. Local 780, International Alliance of Theatrical Stage Employees, 160 So.2d 150 (Fla.App.1964), cert. denied 380 U.S. 973, 85 S.Ct. 1335, 14 L.Ed.2d 269 (1965), the District Court of Appeals (Fla.) reversed a finding by the lower court that it did not have jurisdiction. The decision in that case cited with approval a statement made by the court in A. I. Gage Plumbing Supply Company, Inc. v. Local 300 of the International Hod Carriers, Building and Common Laborers' Union of America (1962), 202 Cal.App.2d 197, 20 Cal.Rptr. 860:

"Defendant appeals primarily on the grounds that the trial court had no jurisdiction to try the action in that the union's conduct amounted to an 'unfair labor practice' over which jurisdiction is preempted by the federal government in the Labor Management Relations Act of 1947 and must be rectified, if at all, by the National Labor Relations Board and not by a state tribunal. Plaintiff urges that the suit is essentially one for an injunction and for damages arising from a breach of contract, even though such conduct may also directly or incidentally be an unfair labor practice.

"The distinction between the two theories of suit is fundamental. If the suit is to enjoin and collect damages from an unfair labor practice absent any collective bargaining contract, it has been decided by the United States Supreme Court that the federal government has preempted this area of labor relations and in the absence of an overwhelming state interest such as violent picketing [Citations omitted], the sole jurisdiction lies with the National Labor Relations Board. [Citations omitted.] This preemption occurs even though the National Labor Relations Board has refused to hear the controversy as happened in the instant case.

"On the other hand, if there is a collective bargaining agreement in effect between the parties, and an action is brought for an injunction, damages, or arbitration of the dispute arising out of the contract the federal courts and the state courts are proper tribunals for redress. (Charles Dowd Box Co., Inc. v. Courtney (Feb. 19, 1962), 368 U.S. 502, 82 S.Ct. 519, 7 L.Ed.2d 483; McCarroll v. Los Angeles County, etc., Carpenters, 49 Cal.2d 45, 315 P.2d 322.)

"A breach of a collective bargaining contract is not in itself an unfair labor practice. The National Labor Relations Board has no jurisdiction to try the case nor has it the power to give damages for breach of contract. * * *"

The Florida Court in Radio Corp. of America v. Local 780, International Alliance of Theatrical Stage Employees, 160 So.2d 150 (Fla.App.1964), cert. denied, 380 U.S. 973, 85 S.Ct. 1335, 14 L.Ed.2d 269 (1965) collated the various state court decisions upholding the jurisdiction of the states to issue injunctions to restrain a breach of a No Strike Clause in a collective bargaining agreement. These cases are:

"McCarroll v. Los Angeles County District Council of Carpenters, 1957, 49 Cal. 2d 45, 315 P.2d 322, cert. denied, 355 U.S. 932, 78 S.Ct. 413, 2 L.Ed.2d 415; McLean Distributing Co. v. Teamsters, Local 993, 1959, 254 Minn. 204, 94 N.W. 2d 514, cert. denied, 360 U.S. 917, 79 S.Ct. 1436, 3 L.Ed.2d 1534; McLean Trucking Co. v. Doyle, 1959, 17 Misc.2d 478, 184 N.Y.S.2d 114; affirmed, 8 A.D.2d 789, 188 N.Y.S.2d 943, motion for leave to appeal denied, 9 A.D.2d 677, 193 N.Y.S.2d 223; Anchor Motor Freight [N. Y. Corp.] v. Local 445, Teamsters, 1958, 12

Misc.2d 757, 171 N.Y.S.2d 506, affirmed, 5 A.D.2d 869, 171 N.Y.S.2d 511; further proceedings reported at 10 A.D.2d 994, 204 N.Y.S.2d 98; 11 A.D.2d 766, 204 N.Y.S.2d 891; Republic Aviation Corp. v. Republic Lodge 1987, 1957, 10 Misc.2d 783, 169 N.Y.S.2d 651 (Sup.Ct.); Bee Line, Inc. v. [Long Island] Local 252, 1956, 157 N.Y.S.2d 232 (Sup.Ct.); General Electric Co. v. Int'l. Union, Etc., 1952, 93 Ohio App. 139, 108 N.E.2d 211; appeal dismissed, 158 Ohio St. 555, 110 N.E.2d 424; Masetta v. Nat'l. Bronze & Aluminum Foundry Co., 1952, Ohio App., 107 N.E.2d 243; reversed on other grounds, 159 Ohio St. 306, 112 N.E.2d 15; Foley Const[ruction] Co. v. Local 100, 1960, Ohio Com.Pl., 172 N.F.2d 170; General Building Contractors Ass'n v. Local No. 542, 1952, 370 Pa. 73, 87 A.2d 250; Associated General Contractors [of America, Inc., Seattle-Northwest Chapter] v. Trout, 1961, 59 Wash.2d 90, 366 P.2d 16; Alabama Cartage Co. v. Int'l. Brotherhood, etc., 1948, 250 Ala. 372, 34 So.2d 576 [2 A.L.R.2d 1273]."

 Indeed, the Alabama case last cited, Alabama Cartage Co. v. International Brotherhood of Teamsters, Chauffeurs, Warehousemen, etc., 250 Ala. 372, 34 So.2d 576, 2 A.L.R.2d 1273, held that a bill by a trucking company against the labor union and others for an injunction against strike and against picketing alleging that the members of the union were engaged in striking and picketing contrary to the provisions of a viable collective bargaining agreement into which the employee had entered with the company was good in this state on demurrer. Therefore, this state has aligned itself with many others in holding that to date the national government has not pre-empted a state court's jurisdiction to enjoin strike and picketing in direct violation of a collective bargaining agreement.

The State of Mississippi likewise has concluded that the National Labor Relations Act does not preclude the issuance of injunctions in violation of a collective bargaining agreement containing a No Strike Clause. See Masonite Corp. v. International Woodworkers of America, AFL-CIO, etc., Miss., 206 So.2d 171, Dec. 1967.

No other basis for the argument that the trial court lacks jurisdiction of the subject matter has merit. We have also considered appellants' other assignments of error and conclude they have no merit.

The decree appealed from is without error.

Affirmed.

MERRILL, COLEMAN and BLOODWORTH, JJ., concur.