SHORES, Justice.
This appeal is by Local 1127 of the Amalgamated Clothing and Textile Workers Union, AFL-CIO (Local) and nine individuals from an order granting a preliminary injunction sought by Blackburn’s Manufacturing Company (Company) and against Amalgamated Clothing and Textile Workers Union, AFL-CIO (International). The International did not appeal.
The International is the duly certified labor organization representing the Company’s production and maintenance employees.
The original collective bargaining contract between the Company and the International contained a no-strike clause. The Local was not a party to this contract, which had an expiration date of January 7, 1977. The contract was extended by the International for ninety days on January 7, 1977. The trial court found:
“. . . Negotiations for the purpose of reaching a new agreement were conducted during such time [the ninety-day extension period]. Without dispute, the parties agreed to extend the terms of the contract pending further and continuing negotiations. On April 6, 1977, the employees of Local 1127 of said union voted to strike notwithstanding the agreement between the company and the International Union to extend the contract period. At the meeting wherein the strike vote was taken, the members of the Local were advised by the International representatives that the strike was illegal and was not sanctioned by the union. .
“. . . the picketing being conducted by the members of the Local is for an unlawful purpose. The contract between the company and the union has been duly extended by the parties to such agreement and the strike and picketing is in direct violation with the terms of such agreement. . . . ”
When the International presented the employees with the Company’s proposal on April 6, 1977, the International informed the employees that the thirty-day notice required to be filed with the Federal Mediation and Conciliation Service had been filed on April 5th and, until that thirty-day period expired, no strike was authorized. The International also informed the employees that a strike before that time was illegal. On April 7, the International and the Company agreed to an additional thirty-day extension. The next day, a number of employees began picketing the Company. The International again notified the Local on April 11th that the strike was illegal.
The trial court issued a temporary restraining order on April 15th prohibiting picketing and interfering with ingress and egress at the Company’s plant. Thereafter, after a hearing, the temporary injunction from which the Local appeals, was entered on April 28, 1977. It was amended by further order on May 2, 1977.
On appeal, the Local argues that the trial court was without jurisdiction in this matter.
If there was a valid collective bargaining agreement in effect between the Company and the collective bargaining agency (International) at the time the strike took place, the state courts may enjoin the strike to specifically enforce the collective bargaining agreement. Title 29, § 185, U.S.C. The Supreme Court of the United States has repeatedly held that state courts have jurisdiction to enjoin strikes and picketing in violation of a no- *48 strike clause in a collective bargaining contract and their jurisdiction is not pre-empt-ed even though such conduct may also constitute an unfair labor practice under Title 29, § 158(b), of the National Labor Relations Act. William E. Arnold Co. v. Carpenters District Council, 417 U.S. 12, 94 S.Ct. 2069, 40 L.Ed.2d 620 (1974); Smith v. Evening News Ass’n, 371 U.S. 195, 83 S.Ct. 267, 9 L.Ed.2d 246 (1962). This court has so held in Dean v. Scott Paper Co., 284 Ala. 115, 222 So.2d 701 (1969).
If, therefore, there was a valid contract existing between the Company and the International, the exclusive bargaining agent of the employees, the trial court had jurisdiction in this case.
It is undisputed that the International was the employees’ exclusive, bargaining agent under Title 29, § 159, U.S.C. The Company is under a duty to deal exclusively with that agent and has the right to rely on that agent’s authority, whether real or apparent. United Steelworkers of America v. CCI Corp., 395 F.2d 529 (10th Cir. 1968); International Longshoremen’s & Warehousemen’s Union v. Hawaiian Pineapple Co., 226 F.2d 875 (9th Cir. 1955). In the absence of an express provision in the agreement, or in the constitution or bylaws, rules and regulations of a union, there is no requirement that an agreement reached between the company and the exclusive bargaining agent be ratified by a local or its membership to be binding on the employees represented. Confederated Independent Unions v. Rockwell-Standard Co., 465 F.2d 1137 (3rd Cir. 1972); Cleveland Orchestra Committee v. Cleveland Fed. of Musicians, 303 F.2d 229 (6th Cir. 1962).
There is no dispute that the International and the Company had agreed to extend the existing contract for an additional thirty days and that the agreement was in effect at the time the strike was undertaken by some employees. The trial court so found as a matter of fact, and both parties to that agreement were free to make it as a matter of law. The court, therefore, had jurisdiction.
The fact that the existing contract was extended by the exclusive bargaining agent contrary to the expressed desire of the members of the Local does not affect its validity, absent some indication that consent of the Local is a prerequisite to the exclusive bargaining agent’s ability to make that agreement. The record discloses no such limitation on the International’s authority.
The Local is not a party to that agreement and the Company was not a party to the decision of the Local at its meeting of January 7, 1977, to approve the ninety-day extension only on the condition that the International perfect all termination notices required by the National Labor Relations Act within the extension period.
Inasmuch as we agree with the trial court that the collective bargaining agreement was still in effect at the time of the picketing, which was clearly in violation of the no-strike clause of the agreement, we need not address the issue of whether the trial court had jurisdiction to enjoin the picketing under the “violence” exception of Title 29, § 107, U.S.C.
The order appealed from is affirmed.
AFFIRMED.
TORBERT, C. J., and MADDOX, FAULKNER and BEATTY, JJ„ concur.