PER CURIAM.
The Intel-national Ladies’ Garment Workers Union and The Miami Joint Council of International Ladies’ Garment Workers Union, together with the Florida Apparel Manufacturer’s Association, Inc., are defendants in the circuit court to a complaint by Scherer &¿ Sons, Inc., a Florida corporation, wherein the plaintiff prays for damages against the defendants and an injunction to prevent the defendants from enforcing any contract and entering into and agreeing to any agreement whereby the plaintiff is restricted in the full and free pursuit of its business. Scherer & Sons, Inc., identify themselves as a manufacturer of belts and accessories, contracted for and sold to dress manufacturers in the garment industry in Miami. The complaint alleged that the unions mentioned had entered into a contract with the Florida Apparel Manufacturer’s Association, Inc. whereby the plaintiff, a non-union organization, was precluded from participating in business with the members of the apparel manufacturers association.
After notice and hearing, the chancellor entered a temporary injunction whereby the defendants were enjoined from enforcing any agreement: “restraining or attempting to restrain the plaintiff in its pursuit of business and its production, sale, use or consumption of merchandise or in any manner enforcing an agreement between the defendants and other customers of the plaintiff which requires the cessation of or failure to do business with the plaintiff.” The basis of this temporary restraining order was that defendants’ actions in attempting to enforce a contract between the unions and the apparel manufacturers whereby the apparel manufacturers would purchase only from union shops, was a restraint of trade and in violation of Section 542.05, Fla. Stat., F.S.A. Chapter 542, Fla.Stat, F.S. A., is entitled “Combinations Restricting Trade Or Commerce.”
The defendants have prosecuted this interlocutory appeal and we reverse, upon the ground that the conduct complained of presents a question of whether an unfair labor practice was committed and, as such, the decision thereon has been pre-empted by statutes of the United States. There is no doubt but that the activity of the defendants, alleged in the complaint, and of which prima facie proof was made upon hearing, constitutes a violation of Florida Law. Nevertheless, it is our view that the particular activity of the defendants here complained of is within the area where Congress has seen fit to establish exclusive federal jurisdiction by Title 29, § 158(b) (4) (ii) (B), U.S.C.A. This is a section of the Taft-Hartley Act as amended in 1959. It is also our view that the specific activity here complained of is regulated further by an amendment which appears as Title 29, § 158(e), U.S.C.A. Appellee urges that the last mentioned section is relieved of its effect by an exemption contained in said section which excepts from the operation thereof, “persons in the relation of a jobber, manufacturer, contractor or subcontractor working on the goods or premises of the jobber or manufacturer or performing parts *361 of the integrated process of production in the apparel and clothing industry.”
An examination of the pleadings and the evidence in this case reveals no ground for the application of the exception to the activity of which complaint is made, and it is not necessary for us to determine the effect of said exception if applicable. Because it has been made to fairly appear that the activities complained of constitute an unfair labor practice under the National Labor Relations Act the state jurisdiction must yield.[1]
Therefore, the temporary injunctive order appealed is reversed.

. “When it is clear or may fairly be assumed that the activities which a State purports to regulate * * * constitute an unfair labor practice under § 8, due regard for the federal enactment requires that state jurisdiction must yield.” San Diego Bldg. Trades Council v. Garmon, 359 U.S. 236, 79 S.Ct. 773, 779, 3 L.Ed.2d 775.