PER CURIAM.
Plaintiff appeals the dismissal of its amended complaint. The plaintiff filed its *307 original complaint seeking injunctive relief against defendants-appellees for an alleged violation of the statute prohibiting agreements in restraint of trade resulting in injury to appellant. The trial court entered a temporary injunction order from which an appeal was taken to this court by the appellees. This court reversed the order appealed, and thereafter certified the question to the Supreme Court of Florida. The Supreme Court discharged the writ of certi-orari and remanded the cause to this court for issuance of a mandate consistent with the Supreme Court’s opinion which held:[1]
“ * * * [W]e feel that upon remand the appellant should be accorded an opportunity to establish by evidence the applicability of Florida’s right-to-work amendment if it so desires and is in a position to do so.”
This court filed an opinion in which it withdrew its earlier mandate, and amended its judgment and decision by adding thereto * * * “[a]nd the cause is remanded to the circuit court for further proceeding in that court not inconsistent with this opinion and the opinion of the Supreme Court [of Florida].” [2]
Appellant filed an amended complaint as allowed, which appellees moved to dismiss. After argument the trial court dismissed the complaint, as amended, with prejudice.
The question for our determination is whether the trial court erred in failing to adhere to the decision of the Supreme Court of Florida in this case by dismissing the amended complaint. We hold that such dismissal was error.
The ruling of the Supreme Court became the “law of the case” [3] and the Circuit Court’s dismissal of the complaint without affording appellant “an opportunity to establish by evidence” the allegations in the amended complaint was error.
We therefore reverse the order appealed and remand the cause for proceedings consistent herewith.
Reversed and remanded.

. Scherer & Sons, Inc. v. International Ladies’ G. Wkrs., Fla.1962, 142 So.2d 290, 295.

. International Ladies’ Garment Wkrs. Union v. Scherer & Sons, Inc., Fla.App. 1962, 146 So.2d 137.

. McGregor v. Provident Trust Co. of Philadelphia, 119 Fla. 718, 162 So. 323; City of Miami Beach v. Parking Facilities, Inc., Fla.App.1960, 120 So.2d 209; Leybourne v. Furlong, Fla.App. 1964, 161 So.2d 221.