PER CURIAM.
Scherer & Sons filed a complaint in the circuit court seeking damages against the appellants and an injunction to prevent them from enforcing any contract and entering into and agreeing to any agreement whereby Scherer & Sons is restricted in the full and free pursuit of its business.
This court previously reversed a temporary injunction order in this cause after finding that “[bjecause it has been made to fairly appear that the activities complained of constitute an unfair labor practice under the National Labor Relations Act the state jurisdiction must yield.”[1] On certiorari, the Supreme Court approved our decision. However, the appellant therein asserted that the collective bargaining agreement collides with Florida’s right-to-work amendment. The Supreme Court found that this aspect of the problem was neither urged by the complaint nor supported by the evidence presented on application for temporary injunction. The court did remand to this court with directions to remand to the circuit court for further proceedings to afford the appellant an opportunity to establish the applicability of Florida’s right-to-work amendment, indicating that if this situation could be supported, then the Taft-Hartley recognition of permissible state concern in the enforcement of its right-to-work provisions would support state action.[2] The complaint, as amended, after remand was dismissed and we reversed.[3]
The cause then proceeded to final hearing. The chancellor entered a final decree in which he found that the equities are with the appellee and:
“That the Plaintiff has proven the allegations of the complaint, as amended, *382 by and with clear and convincing evidence.
“That the Plaintiff, and his employees, by the acts complained of in the complaint, and the conduct stemming therefrom, have suffered loss of earning in business and as wages and have been irreparably injured.
“That the concerted activities of the Defendants complained of in the complaint, and the amendment thereto, are in violation of the Florida Right to Work Amendment, as is set out in Section 12 of the Declaration of Rights of the Constitution of the State of Florida, in that the acts complained of and the contract which is the subject matter of this suit, constitute both primary and secondary economic pressures by the Defendants upon the Plaintiff for the purpose of compelling the Plaintiff to execute a contract with the Defendant Union (s) and/or to require the Plaintiff’s employees to join said Union(s) as a condition of employment, even though none of the Plaintiff’s employees are members of said Union (s), or, in the alternative to continue to suffer losses in its business with a likelihood of a cessation thereof, all of the above being within the purview of the law of the case in this cause of action, as is defined and set out in 142 So.2d 290 and 163 So.2d 306; see also Hescom, Inc. v. Stalvey, etc., [Fla.App. 1963], 155 So.2d 3.
“That the compulsive pressures brought to bear upon the Plaintiff, and its employees, by the Defendants, acting in concert, violate the Right to Work Amendment to the Constitution of the State of Florida, as aforesaid, and are tantamount to the taking of the Plaintiff’s property without due process of law.”
Based on these findings the chancellor permanently enjoined and restrained the appellants from violating Florida’s right-to-work amendment found in § 12, Declaration of Rights, Florida Constitution, F.S.A. including, but not limited to, the enforcement of any agreement requiring the cessation of business with the appellee, Scherer & Sons. The chancellor further restrained all picketing in violation of § 12 above.
Having determined that the evidence supports the findings and that no error has been made to appear, the decree appealed is affirmed.
Affirmed.

. International Ladies’ Gar. Wkrs. Union v. Scherer & Sons, Inc., Fla.App.1961, 132 So.2d 359, 361.

. Scherer & Sons, Inc. v. International Ladies’ Gar. Wkrs. Union, Fla.1962, 142 So.2d 290.

. Scherer & Sons, Inc. v. International Ladies’ Gar. Wkrs. Union, Fla.App.1964, 163 So.2d 306.