PER CURIAM.
The appellant seeks reversal of an interlocutory injunction which restrained certain picketing activity at the appellee’s business premises. Appellants contend that the matter involved was such as to have required the circuit court to cede jurisdiction to the National Labor Relations Board, and therefore that the trial court acted without jurisdiction. We hold otherwise. The circumstances presented did not reveal a labor dispute, or facts upon which to arguably conclude, with reason, that one existed. See Sheetmetal Workers’ International Ass’n, Local Union No. 223 v. Florida Heat & Power, Inc., Fla.App.1968, 214 So.2d 783.
 The office of an interlocutory or “preliminary” injunction is not to determine the merits of the cause. The granting of a temporary injunction here served the usual purpose of such orders to maintain the status quo pending final hearing. *55 Unless some compelling reason favoring the defendant is shown for its disallowance, a restraining order is proper where it is made to appear that without in-junctive relief pendente lite substantial or irreparable injury will occur to the party seeking the protection, if the latter should prevail on final hearing.
On consideration of the circumstances of this case, the trial judge properly could conclude that the balance of interests was in favor of the plaintiff, upon its showing that a refusal to enjoin the picketing activity pendente lite would result in material injury to the plaintiff’s business, whereas an injunction pendente lite would only postpone the restrained activity and not unduly inconvenience the defendant, if the litigation ended in its favor.
Affirmed.