SPECTOR, Judge.
Relators have filed a suggestion for writ of prohibition to restrain the respondent circuit judge from exercising any further jurisdiction respecting an action presently pending before the respondent judge on the ground that the subject matter of the said pending action is outside the jurisdiction of the respondent judge. We have examined allegations of the suggestion herein, to *180 gether with the applicable principles of law advanced by respective counsel in their briefs and arguments, and hold that the respondent is not without jurisdiction in the premises. Accordingly, the suggestion for writ of prohibition is denied.
In the action pending before the respondent, a temporary restraining order was entered against relators in a suit filed against them by a general contractor to enjoin rela-tors from violating a “no-strike” provision of a collective bargaining agreement entered into between the contractor and the relators. The contractor alleged in its suit for injunction that the relators went on strike in violation of the “no-strike” clause of their collective bargaining agreement because of a jurisdictional dispute between relators and a subcontractor and another union.
Relators contend here that the respondent had no jurisdiction since their strike was over conduct constituting an unfair labor practice under Title 29, Labor, § 158(b) (4) (i) (D), .United States Code Annotated, and thus is within the exclusive jurisdiction of the National Labor Relations Board. We do not quarrel with relators’ contention that the conduct they complain of and which prompted their strike relates to an unfair labor practice within the cited law. But, the question before us in this proceeding is whether a state court has jurisdiction to restrain the breach of a “no-strike” clause in a collective bargaining agreement where said agreement expressly specifies a method for resolving jurisdictional disputes. In a prohibition action, we are not concerned with the correctness of the trial court’s ruling — only with the power or authority to assume jurisdiction.
Relators rely on Sheetmetal Workers Int. Ass’n. v. Florida Heat and Power, Inc., 230 So.2d 154 (Fla.1970), for. the proposition that Florida state courts have no jurisdiction to enjoin union activities, including the strike herein, which arguably comes within the jurisdiction of the National Labor Relations Board. Also relied upon is Scherer & Sons, Inc. v. International Ladies Garment Workers Union Local 415, 142 So.2d 290 (Fla.1962). The Sheetmetal Workers case is factually distinguishable from the case at bar. There, no collective bargaining agreement existed between the parties which contained a “no-strike” clause. Here, there is such an agreement. In Sheetmetal Workers, there being no contract, the parties had not agreed to arbitrate their differences as to jurisdictional disputes before the National Joint Board for Settlement of Jurisdictional Disputes. Ill the case at bar, the parties had agreed to resort to that forum for settlement of such disputes. The Scherer case, supra, is equally inapplicable. That was a suit to enjoin alleged restraint of trade practices by the defendant union under Chapter 542, Florida Statutes, F.S.A. The court held that the union’s activities there constituted unfair labor practices under the federal labor laws and were therefore within the jurisdiction of the National Labor Relation Board and not the state court’s jurisdiction. As in the Sheetmetal Workers case, however, the parties to the action had not entered into a binding agreement whereunder they had agreed to submit their grievances to a designated forum as is the case herein.
We think the question raised by relators is answered adversely to them in Radio Corporation of America v. Local 780 International Alliance of Theatrical Employees, AFL-CIO, 160 So.2d 150 (Fla.App.1964). In that case, the employer, Radio Corporation of America, brought an action in the state court to enforce a no-strike, no-picketing provision of a collective bargaining agreement. On appeal from the trial court’s ultimate ruling dissolving an earlier temporary restraining order, the appellate court was confronted directly with the question of whether a state court had authority to grant an injunction against a violation of a no-strike provision of a collective bargaining agreement. The court, following decisions in New York and Cali *181 fornia, Perry & Sons, Inc. v. Robilotto, 39 Misc.2d 147, 240 N.Y.S.2d 331 (S.Ct. 1963), and Gage Plumbing Supply v. Local 300, International Hod Carriers Union, 202 Cal. App.2d 197, 20 Cal.Rptr. 860 (1962), held that state courts do have the authority to enjoin violations or breaches of no-strike provisions of collective bargaining agreements. In RCA, supra, the court rejected the union’s contention that jurisdiction in labor matters of this type were pre-empt-ed by the federal law. The relators herein advance similar contentions as those rejected by the court in RCA, buttressed however by our Supreme Court’s decision in the Sheetmetal Workers case, supra.
Relators’ argument that the jurisdictional dispute which has arisen between their unions and the contractors and the competing union is properly justiciable by the National Labor Relations Board and not the state courts seems also to be refuted by a decision of the National Labor Relations Board in Laborer’s Local 670, 189 NLRB No. 98, 76 LRRM 1794 (April 12, 1971), holding that where the parties have arrived on a method for voluntary adjustment of a union’s claim to disputed work to be bound by procedures of the National Joint Board for Settlement of Jurisdictional Disputes, the parties are required to resolve jurisdictional disputes through joint board procedures. As noted above, the collective bargaining agreement in the case sub judice contains a similar provision for resolving jurisdictional disputes through Joint Board procedures.
A recent decision of the United States Supreme Court, Boys Markets v. Retail Clerks Union, 398 U.S. 235, 90 S.Ct. 1583, 26 L.Ed.2d 199, makes it clear that the state and federal courts have concurrent jurisdiction to enforce no-strike provisions contained in collective bargaining agreements, notwithstanding the provisions of Section 301(a) of the Labor Management Relations Act of 1947. However, the court recognized in the Boys Market case that when suits are filed in state courts to enforce no-strike clauses, such suits may be removed to federal district courts pursuant to 28 U.S.C., Section 1441. In Boys Market, the court held at 398 U.S. 254, 90 S.Ct. 1594 as follows:
“ * * * When a strike is sought to be enjoined because it is over a grievance which both parties are contractually bound to arbitrate, the District Court may issue no injunctive order until it first holds that the contract does have that effect; and the employer should be ordered to arbitrate, as a condition of his obtaining an injunction against the strike. * * * ”
The foregoing authorities make it amply clear that state courts do have concurrent jurisdiction to enforce a no-strike clause in a collective bargaining agreement. While we so hold, thus requiring denial of relators’ suggestion for a writ of prohibition, we do not necessarily hold that the temporary restraining order entered in the case pending before the respondent is free from error by reason of the court’s failure to include therein an order directing the plaintiff-employer and the relator-union to arbitrate or submit their grievances to the joint board for expeditious resolution. While the failure to so direct may affect the correctness of the temporary restraining order, that is a matter not going to the jurisdiction of the respondent court. Rather, it is a matter which is subject to being reviewed by interlocutory appeal in this court or on review from final judgment in the event the parties should elect to litigate further in the lower court.
CARROLL, DONALD K., Acting C. J., and WIGGINTON, J., concur.