OWEN, Judge.
Plaintiff appeals from an order dismissing an amended complaint. The complaint sought to enjoin certain conduct on the part of the defendants which allegedly violated provisions of F.S. Section 817.71, F.S.A.1971, the Uniform Deceptive Trade Practices Act. We affirm for the reasons outlined below.
Plaintiff is a non-union general contractor. Appellees are various construction trade unions, their bargaining representatives, individual members thereof, and persons in sympathy with them. In order to publicize the fact that appellant was a non-union employer, appellees conducted a handbilling campaign at one of appellant’s construction sites. In its amended complaint appellant alleged, inter alia, (1) that the literature which was distributed sought to create in the mind of the reader the impression that appellant’s homes were structurally defective and inferior to those of its competitors who used union labor; (2) that appellees acted maliciously by circulating the literature complained of without identifying its source; and (3) that appellees were disparaging its business for the purpose of exposing it to hate, contempt and ridicule within the meaning of F.S. Sections 817.71 and 836.11, F.S.A. Appellant prayed for both temporary and permanent injunctive relief.
After a hearing on appellant’s application for a temporary injunction and appellees’ motion to dismiss, the lower court denied the requested relief and dismissed the complaint, finding: (1) that the allegations of appellant’s complaint contained matters arguably protected or prohibited by the National Labor Relations Act, 29 U.S.C., § 151 et seq., thereby vesting exclusive jurisdiction to remedy appellant’s complaint with the N.L.R.B.; (2) that appellant was seeking to enjoin appellees from exercising their right to free speech; and (3) that Sections 817.71 and 836.11, F.S.A. could not constitutionally be used to enjoin hand-billing activities inasmuch as such activities constituted protected free speech.
It is clear from the amended complaint and from argument of counsel before this court that the handbilling activities to which appellant objected occurred in the context of a labor dispute. It also appears that these activities are arguably protected by Section 7, or prohibited by Section 8, of the National Labor Relations Act. See, 29 U.S.C. §§ 157, 158(b) (7) (C) and 158(c). As a result, jurisdiction over this controversy is vested exclusively, at least initially, with the National Labor Relations Board. San Diego Building Trades Council etc. v. Garmon, 1959, 359 U.S. 236, 79 S.Ct. 773, 3 L.Ed.2d 775. Florida courts have repeatedly recognized the federal preemption doctrine and the rule of Garmon (see, e. g., Sheet Metal Workers’ International Association v. Florida Heat & Power, Inc., Fla.1970, 230 So.2d 154; and Scherer & Sons, Inc. v. International *440 Ladies’ Garment Workers’ Union, Fla.1962, 142 So.2d 290) and the trial court was correct in doing likewise.
Appellant contends however that the facts of this case fall within an exception to preemption delineated in Linn v. United Plant Guard Workers, 1966, 383 U.S. 53, 86 S.Ct. 657, 15 L.Ed.2d 582. In Linn it was recog-ized that not only was there an over-riding state interest in protecting its citizens from malicious libels, but also the N.L.R.B. has no authority to award damages or otherwise afford adequate relief to a maligned party. Finding that this situation vitiated the ordinary arguments for pre-emption, and that a judicial condemnation of libel would not interfere with the board’s jurisdiction over a labor controversy, the court held that the state courts are free to provide state remedies in those cases where the complainant can show that defamatory statements were circulated with malice and caused him damage.
Nonetheless, seeking to guard against any possibility that its recognition of an over-riding state interest in redressing wrongs inflicted by malicious libel might lead to an impairment of the national labor policy, the Linn opinion announced strict limitations on the new exception it was carving out of the federal pre-emption doctrine. One of these limitations was the requirement that damages be specifically pleaded and proved. We construe this requirement to mean that state court jurisdiction would not be permitted if the suit is for relief other than recovery of money damages. This determination is based, first, on the fact that the opinion itself refers only to damages and makes no reference to injunction; secondly, the requirement that the harm suffered and the resulting damages be specifically pleaded and proved was obviously designed to standardize the nature and extent of the relief available; finally, it seems clear that whereas the awarding of damages would not interfere with the N.L. R.B.’s jurisdiction over a case, the availability of injunctive relief in state courts would create the likelihood of interference with the board’s effective administration of the national labor policy. We therefore conclude that appellant’s complaint, seeking only injunctive relief, does not come within the narrowly circumscribed sphere of the Linn case.
Finding no error in the lower court’s determination of the jurisdictional issue, and therefore no need to consider the other issues presented, the order of dismissal is affirmed.
Affirmed.
CROSS and MAGER, JJ., concur.