279 So.2d 300 (1973)
CARPENTERS DISTRICT COUNCIL OF JACKSONVILLE AND VICINITY, a Labor Organization, et al., Petitioners,
v.
The Honorable Roger J. WAYBRIGHT, As Circuit Judge of the Fourth Judicial Circuit, in and for Duval County, Florida, Respondent.
No. 41199.
Supreme Court of Florida.
April 18, 1973.
Rehearing Denied July 20, 1973.
*301 Lacy Mahon, Jr., of Mahon & Mahon, Jacksonville, for petitioners.
Daniel R. Coffman, Jr., of Coffman & Jones, Jacksonville, for respondent.
McCAIN, Justice.
By petition for writ of certiorari we have for review a decision of the District Court of Appeal, First District, reported at 248 So.2d 179, which conflicts with Sheetmetal Workers' International Association, Local Union No. 223 v. Florida Heat and Power, Inc., 230 So.2d 154 (Fla. 1970). We have jurisdiction pursuant to Fla. Const., Article V, § 3(b)(3), F.S.A.
The William E. Arnold Company, a general contractor, filed suit against petitioners in the Circuit Court of Duval County, to enjoin them from violating a "no-strike" provision of a collective bargaining agreement entered into between the contractor and petitioners. The Circuit Court, Judge Waybright presiding, agreed with the contentions of the contractor and entered a temporary restraining order against petitioners.
Petitioners sought prohibition in the District Court of Appeal, First District, arguing that the Circuit Court had no jurisdiction since the strike constituted an unfair labor practice within the purview of Title 29, Labor, § 158(b)(4)(i)(D), United States Code Annotated, and was thus within the exclusive jurisdiction of the National Labor Relations Board. Petitioners relied on Sheetmetal Workers' International Association v. Florida Heat and Power, Inc., supra, to support their argument.
In Sheetmetal Workers', this Court held that state court jurisdiction to enjoin labor activities is pre-empted when federally-protected or prohibited practices are involved, and that these activities are within the exclusive jurisdiction of the National Labor Relations Board. Two exceptions were noted: where there is violence or where there is an affront to the state's right-to-work policy, state courts may enjoin even those activities which would otherwise be within the National Labor Relations Board's exclusive jurisdiction. We also held that if a case is arguably subject to exclusive National Labor Relations Board jurisdiction, the Board, and not the state court, must initially determine its jurisdiction. In Sheetmetal Workers' the labor activities enjoined were arguably federally-prohibited unfair labor practices, and the case did not fall within the exceptions noted to the above-stated rules. We held, therefore, that our state courts did not have jurisdiction to enjoin the activities.
*302 In the case at bar, the First District Court denied the suggestion for writ of prohibition, distinguishing Sheetmetal Workers' on the basis that it did not involve a collective bargaining agreement which contained a "no-strike" clause. In our judgment, this is not a sufficient basis for departing from the rationale and decision in Sheetmetal Workers'.
It is unquestionable that state courts do have jurisdiction to enforce a collective bargaining agreement and to enjoin a strike in violation of a "no-strike" clause contained therein, but not when the strike is also arguably an unfair labor practice prohibited by federal law. In Radio Corporation of America v. Local 780 International Alliance of Theatrical Employees, AFL-CIO, 160 So.2d 150 (Fla.App.2d, 1964), relied on by the District Court, there was no allegation that the strike enjoined constituted an unfair labor practice as well as a breach of contract. In Boys Market v. Retail Clerks Union, 398 U.S. 235, 90 S.Ct. 1583, 26 L.Ed.2d 199 (1970), also cited by the District Court, there was likewise no unfair labor practice involved. It is these cases which should have been distinguished from the case at bar, not Sheetmetal Workers'. The decisive issue is whether or not the activity enjoined is arguably an unfair labor practice, not whether it is also a breach of contract.
In cases such as this one, where the National Labor Relations Board has exclusive jurisdiction because of the unfair labor practice involved, the Board may decline to assume jurisdiction either by rule of decisions or by published rules adopted pursuant to the Administrative Procedure Act, after which state courts may then assume jurisdiction.[1] In our view, the National Labor Relations Board decision cited by the District Court,[2] does not have the effect of declining jurisdiction. In that case the Board held only that it cannot decide disputes over union jurisdiction when the parties have agreed to arbitrate those disputes. The case does not hold that the Board cannot or would not 1) order the parties to arbitrate as agreed, or 2) issue a cease and desist order against a federally prohibited strike arising out of the dispute.
Sub judice, since the strike enjoined by the Circuit Court appears to have been, at least arguably, a federally prohibited unfair labor practice, and since the National Labor Relations Board has not abdicated its exclusive jurisdiction in cases of this type, we hold that the rule of law enunciated in Sheetmetal Workers' applies and that the District Court erred in failing to prohibit the further exercise of jurisdiction by the Circuit Court. Accordingly, the decision of the District Court of Appeal, First District, is vacated and the cause is remanded to that Court for further proceedings not inconsistent with the decision herein.
It is so ordered.
CARLTON, C.J., and ERVIN, ADKINS and BOYD, JJ., concur.
DEKLE, J., dissents with opinion.
DREW, J. (Retired), dissents and concurs with DEKLE, J.
DEKLE, Justice (dissenting):
I would deny certiorari in these limited circumstances where both sides have previously contracted in their collective bargaining agreement to submit the jurisdictional dispute to binding arbitration. This effectively removes the otherwise exclusive jurisdiction in the National Labor Relations Board.
The present cleavage is one step beyond the earlier stage of initial exclusiveness in N.L.R.B. on an alleged unfair practice. At *303 today's stage it has become a matter of compliance with the parties' contract which both should honor; otherwise it becomes ineffectual. State courts historically determine contract matters. The parties here agreed to arbitrate this question so that, as to this point, they thereby chose not to utilize the N.L.R.B. This was their right.
The N.L.R.B. itself takes this view, contrary to our majority opinion which would send this jurisdictional dispute to that body first. The recent case of Local 423, Laborers and V & C Brickcleaning Co., 199 NLRB No. 48, BNA Daily Labor Report at Page A-3 (October 5, 1972), conclusively lays to rest the claim of preemption by petitioner here. In that case, the National Labor Relations Board has held that it would not exercise jurisdiction over a jurisdictional dispute where the parties involved agreed by contract (as here) to settle such disputes through a national joint board. This is the same logic which I have endeavored to set forth above and comports with reason and applicable Jurisdiction.[1]
In that cause the N.L.R.B. said that the Board cannot get into a dispute between the bricklayers and laborers, over who is to use certain equipment and do certain work regarding the brick at a construction site in Columbus, Ohio. The Board held as follows:
"A majority of the panel holds that in view of the contract between V&C and Bricklayers, the parties have agreed to be bound by a decision of the Joint Board. The majority likewise finds that the Laborers, by signing the April 1970 agreement reconstituting the Joint Board, likewise agreed to be bound by Board determinations... .
"If we retained jurisdiction in this case, the statutory purpose to encourage the voluntary settlement of jurisdictional disputes would be frustrated in that a party receiving an adverse decision from the agreed-upon tribunal for settling its jurisdictional dispute would be encouraged to ignore such decision, lapse into noncompliance, and then come before this Board for a more favorable resolution of the dispute.
* * * * * *
"[T]he thrust of Section 10(k) of the Taft Act is to forbid the Board to settle a jurisdictional dispute only upon a showing that there's an agreed-upon method for disposing of the case, not upon a further showing that the agreed-upon method will be expeditious."
It is, therefore, apparent that our own Court is in conflict with the Board which we say, contrary to that Board, has jurisdiction here. The authorities set forth in the scholarly DCA opinion of Spector, J., also support this conclusion.
I would agree with the reasoning of the Board and of the District Court of Appeal and deny prohibition, letting the order of the able Chancellor stand for the matter to be determined under the parties' contract for arbitration. To do otherwise is to encourage needless and protracted litigation. To avoid such litigation and the ensuing delay is the purpose of arbitration and such contract provisions, to help unclog the busy courts and boards of this teeming land.
I respectfully dissent.
DREW, J. (Retired), concurs.
NOTES
[1] Title 29, Labor, § 164(c), United States Code Annotated.
[2] Laborer's Local 670, 189 NLRB 98, 76 LRRM (April 12, 1971).
[1] See 25 Vand.L.Rev. 1057, Oct. 1972, "Deference of Jurisd. by NLRB and the Arbitration Clause."