SMITH, Acting Chief Judge.
Six former employees of appellee Southern Plasma Corp., of which appellee Gurley is executive officer, appeal from a circuit court order granting appellees’ motion to dismiss appellants’ complaint. Appellants’ claim is predicated on their firing by Southern Plasma and by Gurley because of appellants’ organizational activities with Southern Plasma Corp. Employees Association. Sections 447.03, .17, Florida Statutes (1977). The trial court dismissed the complaint on motion on the ground that “jurisdiction has been preempted under the National Labor Relations Act,” 29 U.S.Code Sections 151 et seq.
Appellants’ complaint alleges that appel-lee Gurley learned, on or about September 2, 1977, that appellants and three other employees had formed an employee organization for collective bargaining; that Gur-ley notified the employees, on September 2, that Southern Plasma “would never allow its employees to unionize”; and that Gur-ley then discharged “all employees” and ceased operations, but reopened on September 10 and denied appellants reemployment. The complaint further alleges that Southern Plasma and Gurley acted as they did intentionally and with malice, or with reckless indifference to appellants’ organizational rights under Article I, Section 6, Florida Constitution, and Section 447.03, Florida Statutes (1977). Appellants claimed actual damages in loss of earnings, decreased earning capacity and damage to their credit. They prayed for compensatory and punitive damages, attorney’s fees, and a permanent injunction reinstating their employment.
There is disagreement concerning the authority of state courts to grant emergency injunctive relief against trespass and other conduct which offends state statutes where the enforcement of the state law poses a threat of interference with federal labor policy.[1] But the NLRA preempts state jurisdiction of simple claims for wrongful discharge on account of collective bargaining activities, for such claims are cognizable by the NLRB. See, e. g., Carpenters District Council of Jacksonville and *482 Vicinity v. Waybright, 279 So.2d 300 (Fla.1973). However, a state court may entertain action for money damages predicated on “outrageous” employer conduct amounting to a tort by statute or common law. In Farmer[2] the Supreme Court held that state labor remedies are preempted by the NLRA unless the offending conduct was something more than discrimination in employment practices, i. e., “that the state tort be either unrelated to employment discrimination or a function of the particularly abusive manner in which the discrimination is accomplished or threatened rather than a function of the actual or threatened discrimination itself.” Apparently Farmer would require that the dominant focus of the complaint and evidence at trial be akin to the proof required of a plaintiff in a suit for intentional infliction of emotional distress. That court noted the “robust language and clash of strong personalities that may be commonplace in various labor contexts.” [3] The Court’s use of the term “outrageous” is not entirely clear, but it appears that in the labor relation context plaintiffs seeking to avoid preemption of their state law claim must affirmatively plead and prove conduct which goes well beyond mere discrimination in employment practices. Plaintiffs here have not done that; they allege a simple discharge after threats.
It appears from the NLRB complaint against Southern Plasma, evidenced to us on appeal but apparently not to the trial court, that Southern Plasma Corporation Employees Association, in behalf of all appellants, complained to NLRB on March 3,1978, of the unfair labor practice charged in the complaint in this case. It further appears that NLRB’s acting regional director filed a complaint against Southern Plasma Corp. on April 14,1978, charging an unfair labor practice in respect to all appellants except Mobley, who therein is described as an assistant lab manager and, therefore, as a “supervisor” who has no remedy under the NLRA.[4] Thus the papers evidenced to us suggest that the NLRB has declined to exercise jurisdiction in Mobley’s behalf. Though the trial court’s judgment is otherwise clearly correct, Mobley’s claim will be remanded and an opportunity given before the trial court to file, within 20 days after its receipt of our mandate, an amended complaint[5] containing allegations which may seek to demonstrate that Mobley’s cause of action is not preempted by federal law.
REVERSED and REMANDED as to Mobley; otherwise AFFIRMED.
ERVIN and BOOTH, JJ., concur.

. Sears, Roebuck & Co. v. San Diego County Dist. Council of Carpenters, 436 U.S. 180, 98 S.Ct. 1745, 56 L.Ed.2d 209 (1978).

. Farmer, Special Administrator v. United Brotherhood of Carpenters & Joiners of America, Local 25, 430 U.S. 290, 305-06, 97 S.Ct. 1056, 1066-67, 51 L.Ed.2d 338, 353-54 (1977).

. Id.

. 29 U.S.C. Section 152(11).

. Corbett v. Eastern Airlines, Inc., 166 So.2d 196, 205 (Fla. 1st DCA 1964).